Wolfley v. Rising.

---

AUGUSTUS WOLFLEY v. N. H. RISING & SON.

1. PRINCIPAL AND AGENT; *Agent's Unauthorized Mortgage passes no title.* Where an agent, to secure a personal debt, executes in his own name a mortgage on his principal's property, there is no presumption, in the absence of proof, that the principal authorized such an incumbrance of his property.

2. STATUTE OF FRAUDS; *Sale unaccompanied by Possession; Subsequent Purchaser.* A subsequent purchaser cannot avoid a sale of personal property made in good faith and upon sufficient consideration, though unaccompanied by a change of possession, simply on the ground that he was ignorant of it.

*Error from Nemaha District Court.*

REPLEVIN, brought by *Rising & Son* to recover the possession of five yoke of work oxen. Both parties claimed the cattle under contracts made with one E. G. Smith; the *Risings*, by virtue of a chattel mortgage executed by Smith to them on the 9th of August, 1870; *Wolfley*, by virtue of a sale made by Smith to him on the 25th of July, 1870. *Wolfley* paid $423 for the property at the time of his purchase, but did not take possession of the cattle until some time after the mortgage was given by Smith to the *Risings*. The action was tried at the April Term, 1871. The jury found for the plaintiffs, and assessed

19—8TH KAS.

the value of the property at the sum of $450. Judgment upon the verdict. *Wolfley* brings the case here on error.

*Joseph Sharpe*, for plaintiff in error:

1. Wolfley was a *bona fide* purchaser before the execution of the said mortgage; he bought the property on the 25th of July, and paid more for the same than a disinterested witness, who was a cattle dealer, was willing to pay for the same, while the mortgage was not filed for record until the 10th day of August after. The court misdirected the jury in its instruction, "That if the mortgagees took the mortgage without notice of any previous sale, or without a delivery of the property to Wolfley, that they must find for the plaintiffs," the said mortgagees. 18 Abbott, 317; 46 Barb., 183, 499; 50 id., 142.

2. The plaintiffs below did not acquire any right or title to the property under the chattel mortgage. Their petition and affidavit show, and the evidence proves, that Smith, the mortgagor, was only the agent of the Mutual Land Emigration and Coöperative Colonization Company, and that the property mortgaged was the property of said company; while the note to secure which said mortgage was given was the individual note of the said agent and mortgagor. Story on Agency, § 148. It will make no difference that the agent describes himself as the agent, as in this case, and signs as E. G. Smith. It is only his deed and not that of the Mutual Land Co. Story on Agency, § 78.

3. The verdict of the jury is not in form or a proper finding in the case. The finding is that the right to the possession of the property is in the plaintiffs, *now;* not "at the commencement of the action."

A verdict is not amendable in the supreme court; the power can only be exercised by the court that tried the cause. 9 Ohio, 131.

*J. E. Taylor*, for defendants in error:

1. The evidence shows that Risings had a special property in the cattle, by virtue of their chattel mortgage, as our statutes

give them the right to the immediate possession.. Gen. Stat-
utes, § 15, p. 585.

Under our statute the mortgage gave Risings the legal title
and the right to the possession. The filing of the mortgage
with the register of deeds gave to the world even greater noto-
riety than delivery and possession, and done away with the
necessity of possession. 1 Kas., 267; 3 Wis., 221.

2. The sale to Wolfley was void, being prohibited by the
Statute of Frauds: Ch. 43, Gen. Stat., p. 504. Wolfley never
took or pretended to take possession, until after Risings' mort-
gage was recorded; thereby showing that he was not acting in
good faith, as the jury no doubt looked upon it.

3. But it is said that Smith was not the *owner* of the prop-
erty; that he was only agent. Both plaintiff and defendants
claim title to the property through Smith. Then, so far as the
source of title is concerned, Wolfley has no advantage of the
Risings, especially when it is shown that Wolfley took posses-
sion of the cattle after the recording of Risings' mortgage.
"If the plaintiff in an action of replevin shows a *prima facie*
right to the possession, the verdict should be in his favor; unless
the defendant prove a better title." 1 Ind., 76.

4. Plaintiff did not except to the form of the verdict in the
court below, hence cannot do it here; yet it was strictly in com-
pliance with law.

The opinion of the court was delivered by

BREWER, J.: Defendants in error brought an action of replevin
to recover of plaintiff in error the possession of certain cattle.
They obtained judgment, to reverse which this action is brought.
They claimed title by virtue of a chattel mortgage, and as in
our judgment the case hinges upon that instrument, we shall
forbear any discussion of the many other questions presented
by counsel in their briefs.

The bill of exceptions states that "it was proved" that these
cattle were the property of the "Mutual Land Emigration and
Coöperative Colonization Company," of England; that Edward

1. Principal and agent. Unauthorized mortgage by agent. Granger Smith was the agent of, and a stockholder in, said company, and as such agent had the possession of these cattle. The note, to secure which the chattel mortgage to defendants in error was given, was upon the face of it an individual obligation of said Smith. There is nothing in the testimony which tends to show that the debt evidenced by this note was in point of fact a liability of the company. The mortgage is as follows: "This indenture made * * * between E. G. Smith, agent of English Colony in the county of Nemaha, * * * witnesseth: That the said party of the first part, in consideration * * * to him duly paid, has sold * * * with all the title and interest of the said party of the first part therein. This grant is intended as a mortgage to secure * * * a certain note this day executed and delivered by the said E. G. Smith, * * *; the overplus, if any there be, shall be paid * * * to the said E. G. Smith, his heirs, or assigns." The mortgage was signed, "EDWARD GRANGER SMITH."

It does not appear from the testimony that defendants in error were ignorant of the true owners; that Smith represented himself to be the real owner; nor that he had, as such agent, any power to sell, mortgage, or in any way dispose of the cattle. The defendants in error never had possession of the property. Under these circumstances we think no title or right of possession is shown in them. The property belonged to the company. No conveyance is shown from it; none that purports to be executed by it; none by any one authorized to mortgage its property. They claim the right of possession by virtue of a chattel mortgage executed by an individual not the owner, having, as appears, no right to convey, and attempting to secure an individual debt by a mortgage of the property of his principal. There is no presumption in favor of the authority of the agent. The party claiming title by virtue of his acts must prove his authority.

A question arose on the trial also, as to the validity of a sale made by Smith to Wolfley of the property in question. Said

2. Statute of frauds. Sale unaccompanied by possession. sale was made before the mortgage given to defendants in error, but it was unaccompanied by a delivery of possession. Upon this the court charged as follows: "That if they find from the evidence that the plaintiffs (Rising & Son,) acquired their lien on the cattle in controversy by contract with E. G. Smith on the 9th day of August, before the cattle had been delivered to defendant on his alleged contract of purchase, and without any knowledge of such transfer, they will find for plaintiffs."

Here also we think was error. One of the most honest controversies in the law has been as to the effect which the retention of personal property by the vendor, after sale, had upon such sale. In this State the rule is settled by statute. Genl. Statutes, p. 504, § 3: "Every sale or conveyance of personal property, unaccompanied by an actual and continued change of possession, shall be deemed to be void as against purchasers without notice, and existing or subsequent creditors, until it is shown that such sale was made in good faith and upon sufficient consideration." In this case it appears from the bill of exceptions that "it was proven" that Wolfley paid $423 on such purchase, which was a fair price for the cattle. There is abundance of testimony in the case to make the question of good faith one for the jury to pass upon, and which ought not to have been taken from them by the court, as is done by this instruction. And if it appears that a sale is made in good faith, and upon sufficient consideration, though unaccompanied by a change of possession, the mere fact that a subsequent purchaser is ignorant of the sale will not avoid it in his favor. Of course, the sale made by Smith to plaintiff in error may convey no title to him, for the reasons indicated in the former part of this opinion; but that fact does not help the title of the defendants in error. Whether he have any right to the cattle or not, they must prove their right of possession before they can take them from him.

For these errors the judgment of the court below must be reversed, and a new trial awarded.

All the Justices concurring.