*536 The opinion of the court was delivered by
Brewer, J.:
, ,,, , pof&s)o®?of° piopeiiy. This case has been once before in this court. (Wolfley v. Rising, 8 Kas., 297.) On a second trial in the district court defendants in error again obtained judgment, and now plaintiff in error alleges- that the second judgment is erroneous. The action was one in replevin. The defendants in error claimed title by virtue of a mortgage, the plaintiff in error by virtue of a sale. The mortgage was of personal property; but the form used was that of a real estate mortgage. The note secured was not due at the date of the commencement of the action. The mortgage is 'silent as to the possession of the property. Hence .£ elaiinecl that the rule respecting real-estate mortgages obtained, and that the mortgagee had' no right of possession until default. The language of the mortgage act is too plain for-doubt. Not the form of the instrument, but the nature of the property mortgaged, determines, in the absence of stipulations, the right of possession. (Gen. Stat., 585, ch. 68, § 15.)
a. contract. anífagent. Again: The note secured was signed by and appears on its face to be the individual obligation of E. G. Smith. The mortgage also appears as his personal conveyance. It was undisputed that the property mortgaged belonged to the “ Mutual Land, Emigration, and Co-operative Colonization Co.” of England. Hence it is claimed that this mortgage conveyed no title, and that parol testimony was inadmissible to show that the Colonization Company was really bound, and their property transferred by these instruments. Since the case of Butler v. Kaulback, 8 Kas., 668, it cannot be doubted that parol testimony is admissible to show that one of the parties to a written contract, though executing it as apparently a principal, was really, to the knowledge of both parties, acting as the agent of another, and that such unnamed principal was bound by the contract. It appears from the testimony that E. G. Smith was the managing agent of the Colonization Company; that he had pui’chased, and *537 had possession of the- property mortgaged; that he was authorized to contract indebtedness for the company, and to mortgage its property; that the debt for which this note was given was contracted for the company; that the company knew of the contraction of the debt, and the execution of the mortgage, and made 710 objection to .either. The mortgage recites that it is “ between E. G. Smith, agent of the English Colony, in the county of Nemaha and state of Kansas, of the first part, and N. H. Bising & Son,” etc.- It also appears that the mortgagees knew that the property belonged to the company, that Smith was its agent; that the property had been purchased by him and was in his possession, and that their debt was for goods contracted for by Smith and used by the company on its farm in Nemaha county, and charged on their books to E. G. Smith as agent of the said company. Upon this evidence it seems to us the jury was warranted in finding that the company was bound by this mortgage, and that their title was by it conveyed to the mortgagees.
It is said that there was error in refusing some instructions asked. The record does not purport to contain all the instructions given; and it has been settled by repeated decisions of this court that we cannot hold there was error in such case, for the refusal may have been based upon the fact that substantially the same instructions had already been ’ given. (Wilson v. Fuller, 9 Kas., 176, and cases cited.)
Plaintiffs claimed title by virtue of a purchase of the mortgaged property from Smith prior to the execution of the mortgage. The bona fides of this purchase was submitted to the jury, and they found against the plaintiff in error. We are not warranted in disturbing their finding on this point, even though our views of the preponderance of the testimony might differ from those of the jury.
*538 3. interest of Smutty replevied. judgment. *537 One further question remains, which deserves notice. Upon the service of the writ of replevin plaintiff in error gave bond and retained the property. The jury found the value of the property to be $500, and the judgment was that the plaintiffs recover the property, or $500, the value thereof. *538 R is claimed that there was error in this, as the plaintiffs’ interest was only that of mortgagees, and that when they received the amount oi their mote and interest they ceased to have any claim to the property. We think this point well taken. It is unnecessary to inquire how this might be independent of statute. We know that there are authorities holding that after condition broken the title to mortgaged personal property becomes absolute in the mortgagee, without redemption. But §§ 17, 18, and 19 of our mortgage act, (Gen. Stat., 585, ch. 68,) contemplate a different rule. The first two sections provide for a sale of the mortgaged property, and said section 19 reads, that “if, after satisfying the mortgage and costs of sale, there be any surplus remaining, the same shall be paid to any subsequent mortgagee entitled thereto, or to the mortgagor or his assigns.” Under this section it seems to us that all that the defendants in error, the mortgagees, can claim is, if they do not obtain possession of the property, a judgment for the amount of their note and interest. That amount at the time of the judgment was, if we have figured it correctly, $364.04. The case will therefore be remanded to the district court with instructions to so modify the judgment that it shall be for the recovery of the property, or, in case delivery cannot be had, for the sum of $364.04. The costs in this court will be divided between the parties.
All the Justices concurring.