## H. W. CONVERSE v. THOMAS B. SAFFORD.

CHATTEL MORTGAGE; *Consideration; Good Faith; Duress.* Where C. was prosecuted for an offense in a justice's court, found guilty, and sentenced to pay a fine of five dollars and costs, but the justice did not, at the time of said sentence or afterward, issue any warrant for the arrest, detention, custody, or commitment of the defendant, and on the next day the defendant gave to S. a mortgage on a horse to secure the payment to S. of the amount of said fine and costs, with the understanding and agreement between C. and S. that S. should pay the same for C.; and afterward S. did pay the same; and the whole transaction was in good faith, *held,* that the mortgage is not void as being executed in violation of law or public policy, although S. may have been at that time an under-sheriff, and may have acted as an officer of the justice's court during the trial.

*Error from Crawford District Court.*

REPLEVIN, brought by *Safford.* Trial and judgment for plaintiff, at the September Term 1874. *Converse* brings the case here on error.

*Playter & Pursel,* for plaintiff in error.
*M. A. Wood,* and *W. C. Webb,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin for a horse, brought by Safford against Converse. The case was tried by a jury, who found that the plaintiff was entitled to the horse, that the horse was worth fifty dollars, and that the plaintiff was damaged ninety-three cents by reason of the wrongful detention of the horse by the defendant. Judgment was rendered in favor of the plaintiff for a return of the horse, or in case a return could not be had, then for $50, the value of the horse, and also for said ninety-three cents, and for costs. The defendant brings the case to this court. He claims that the court below erred, 1st, in overruling the defendant's demurrer to the plaintiff's evidence; 2d, in over-

ruling defendant's motion for a new trial; 3d, in rendering judgment for $50, instead of for $32.45 and interest.

I. The plaintiff's evidence, as well as his pleadings, showed that he claimed to be entitled to the horse by virtue of a chattel mortgage executed to himself by the defendant to secure the payment of a promissory note for $32.45. The mortgage was introduced in evidence, and appeared to be valid upon its face, and to entitle the plaintiff to the horse; and there was nothing in the plaintiff's evidence that showed the contrary. As to overruling a demurrer to evidence, see *Simpson v. Kimberlin*, 12 Kas. 579. The court below did not err in overruling said demurrer.

II. The defendant claimed and now claims that said mortgage was void, for the reason that it and the note were given for an illegal consideration; and he introduced evidence for the purpose of showing that it was void. None of the instructions of the court below are brought to this court, and the jury that tried the case said in effect by their verdict that the evidence did not show that the mortgage was void. Therefore, if we should now hold that the mortgage was void, we should not only be required to reverse the decision of the court below upon the law and the facts, but would also be required to reverse the findings of the jury, made upon the evidence in the case. This we cannot do, for there was some evidence, and sufficient evidence, to support every finding of the jury. The uncontradicted evidence did not all show that the mortgage was void. On the contrary, the plaintiff's evidence showed that the mortgage was at least *prima facie* valid. But passing from the *prima facie* case made by the plaintiff, the facts were probably about as follows: Converse was prosecuted before a justice of the peace for assault and battery. He was found guilty, and sentenced to pay a fine of five dollars and costs, amounting in the aggregate to $32.45. Safford was at the time of the trial in the justice's court, acting as an under-sheriff, and acted during the trial as an officer of the justice's court. When the trial was ter-

minated, and the defendant was sentenced, he was orally placed in the charge of Safford. No warrant of commitment, nor indeed any warrant for the custody or detention of Converse, was issued by the justice, or placed in the hands of Safford. Both Safford and Converse then went to their respective homes. Next morning each returned to the justice's office. Converse desired that something should be done to save him from going to jail. Safford then proposed to lend him the money to pay his fine and costs, provided Converse would give him a chattel mortgage on his horses. Converse agreed to do it, and gave the mortgage under which the plaintiff Safford now claims the horse in controversy. The mortgage was made to secure the sum of $32.45, the amount of the fine and costs. Converse was then discharged by Safford and by the justice. Safford then paid the fine and costs, although he did not pay all of the same on that day. The whole transaction was evidently considered by all the parties, Safford, Converse and the justice, as a loan of money from Safford to Converse to pay said fine and costs. The entire transaction was conducted in the best of faith. And we cannot now say that it was in violation of any law, or of good morals, or of public policy. Besides, technically, Converse was not at the time the mortgage was executed in the legal custody of Safford. The trial had terminated the day before, and nothing was left to be done in the case further than for the justice to issue his warrant of commitment, or an execution, or both, to enforce his judgment. But the justice had not yet issued either, nor any writ or warrant. Converse therefore had a right to go wherever he chose. Safford had no warrant for the commitment or detention of Converse, or by which he could take or hold Converse in his custody. Safford was then just like any other deputy-sheriff. Converse might at some future time come into his custody, or might not; but Safford had no legal right at that time to take Converse into his custody. Indeed, it is not shown that Safford ever had any warrant of any kind for the arrest, de-

tention or custody of Converse. Safford testifies that he did not consider that he had any charge of Converse at the time the note and mortgage were given; and as the jury in this case found in favor of Safford, we must presume that all the testimony given in his favor was true. There is nothing in the record of this case showing that Safford ever had the legal custody or charge of Converse, except the evidence that shows that Safford acted as the officer of the justice's court during the trial.

The judgment of the court below will be modified so that if a return of the horse cannot be had, the plaintiff may recover $32.45, the amount of his debt, with interest, costs, etc. (*Wolfley v. Rising*, 12 Kas. 535.) In all other respects the judgment will be affirmed.

All the Justices concurring.