## GEORGE CLARK v. PENELOPE WHITE.

COSTS — *Taxable Against Losing Party.* An action was taken on appeal from a justice's court to the district court. In the district court the plaintiff, without leave of the court, or consent of the defendant, filed a demurrer to the second defense set forth in the defendant's bill of particulars, and then subpœnaed witnesses in the case. Afterward, with leave of the court the plaintiff withdrew said demurrer, receiving no benefit therefrom, and the defendant losing nothing thereby. Nothing was at any time done to abridge the right of the court or the defendant to treat said demurrer as a nullity; and judgment was afterward rendered in favor of the plaintiff and against the defendant for the full amount of the plaintiff's claim: *Held,* That the court did not err in ordering that the costs of plaintiff's witnesses be taxed against the defendant.

*Error from Neosho District Court.*

MOTION to retax costs, heard and decided at the April Term 1874. The motion was granted, and *Clark*, defendant, brings the case here.

*Stillwell & Bayliss,* for plaintiff in error.

*C. F. Hutchings,* and *John Hall,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is one of costs. The question was raised in the court below on a motion to retax costs. The motion was submitted to

the court below upon the following agreed statement of facts, to-wit:

"In the matter of the motion of plaintiff Penelope White, to retax the costs in this cause, it is agreed that the following are the facts which shall be considered by the court in passing upon said motion. On the 13th of May 1872, plaintiff brought her action before a justice of the peace of Neosho county to recover the sum of $13.50 of said defendant. She filed her bill of particulars, and the defendant filed his bill of particulars. Plaintiff obtained judgment for the full amount of her claim, and defendant appealed to the district court, and all the original papers in said cause, and the transcript of the justice, were filed in the clerk's office on the 18th of June 1872. No new pleadings were filed in the district court until the 11th of December 1872, when plaintiff filed a motion to. dismiss the appeal, which motion was overruled by the court. On the 20th of December 1872, the plaintiff, without the consent of the defendant, or leave of the court, filed by her counsel a general demurrer to the second defense in the defendant's bill of particulars, assigning as the grounds of said demurrer that the facts stated in the second defense constituted no defense to plaintiff's action. Defendant Clark knew of said demurrer being filed, and subpœnaed no witnesses in his behalf in said cause from the time said demurrer was filed until it was finally disposed of, when he duly subpœnaed his witnesses who afterward testified in his behalf on the trial. After the filing of said demurrer, and before the same was disposed of, the plaintiff caused various witnesses to be subpœnaed in her behalf. On the 12th of April 1873, during the regular April Term of said district court, the plaintiff asked and obtained leave of the court to withdraw said demurrer. The case was afterward tried, and plaintiff obtained judgment for the whole amount of her claim in the action. The clerk in taxing up the costs in the cause refused to tax up the costs of the witnesses subpœnaed by plaintiff during the pendency of the above-mentioned demurrer, and plaintiff now moves the court that the clerk be required to tax up in favor of plaintiff and include in the judgment against defendant the costs of the above-named witnesses, the gross amount of said costs being $113.80."

Upon the foregoing agreed statement of facts the court below made the following decision and order, to-wit:

"And thereupon, at the April Term 1874 of said Neosho county district court, the said motion of plaintiff named in the foregoing agreed statement of facts came on for hearing before said court, and was submitted, heard and determined on the said agreed statement, which was all the evidence that was introduced on the hearing of said motion; and in consideration of the same, the court sustained the motion of plaintiff, and ordered and adjudged that the clerk of the Neosho county district court retax the costs in said cause by assessing against defendant and in favor of plaintiff the costs of the witnesses mentioned and referred to in said agreed statement, the same to be included in plaintiff's judgment against defendant. To which order, ruling, judgment, and determination of the court the defendant at the time duly excepted."

The code of civil procedure provides, (§ 262,) that "An issue of law arises upon a demurrer to the petition, answer, or reply, or to some part thereof." (Gen. Stat. 679.) And in § 313, as amended, "No witnesses shall be subpœnaed in any case while the cause stands upon issue of law." (Laws of 1871, p. 277, § 3.) And we suppose upon general principles, that a party would not be allowed to recover for costs which were clearly and manifestly unnecessarily made. (*Wolfley v. Rising,* 12 Kas. 535, 538, 539.) We suppose it is claimed that "the cause" in this case stood "upon an issue of law" while said demurrer was pending against *the second defense* stated in the defendant's bill of particulars. But whether it is claimed that the witnesses of the plaintiff were subpœnaed to disprove said second defense, or to prove the plaintiff's bill of particulars, (which was put in issue by the first defense stated in defendant's bill of particulars, if a bill of particulars in a justice's court needs anything to put it in issue,) we hardly know. And whether the testimony of said witnesses was used or was competent for either of said purposes, we can hardly tell. We think however that under all the facts of this case, as shown by the record, it is fair to infer that the only question for us now to determine is whether said demurrer was wholly a nullity or not. A portion of the record not heretofore given reads as follows:

"The clerk of said court taxed the costs in said cause, but refused to tax any costs for witnesses subpœnaed between the 20th of December 1872 and the 12th of April 1873, because of the filing of said demurrer; and thereupon said plaintiff duly filed in said court her written motion, asking said court to order said clerk to retax said costs, for that the ground or reason assigned by the clerk for refusing to tax up said costs was not a sufficient or legal reason."

The plaintiff in error, defendant below, inserts among other things the following statement and argument in his brief, to-wit:

"The court below based its decision solely on the theory that, the cause having been commenced in a justice's court, (wherein as was claimed, a demurrer was not known,) and coming to the district court on appeal, was to be tried there in the absence of new or amended pleadings filed by leave of court, upon the original papers on which the cause was tried before the justice; that said original papers were the bills of particulars of the respective parties; and the demurrer of White, having been filed without leave of the court, was therefore to be treated as a nullity. And by taking this view of the matter, the court was enabled to hold that the filing of the demurrer raised no issue of law, and that the defendant in error properly subpœnaed witnesses during its pendency, and was entitled to have the costs of suit, witnesses included, inserted in the judgment against plaintiff in error. Conceding that the plaintiff below filed her demurrer without the leave of the court, does it follow that she can take advantage of that fact herself? Can a party put a pleading on file, suffer it to remain there for months, treat it as a valid plea by asking and taking leave of the court to withdraw it, by his action induce the adverse party to regard the case as at issue upon an issue of law, and consequently refrain from subpœnaing his witnesses, and after all this, when it is sought to charge such party with the lawful consequences of his act, does it then lie in his mouth to inform the court that his proceedings in the premises were a mere farce, that he has been trifling with the court, and deceiving the opposite party on purpose? Such certainly cannot be the law. We submit that the only one who could have taken advantage of the improper filing of this demurrer, was the plaintiff in error himself, and so long as he did not complain, it was to be, and should be, treated and regarded the same as if it had been

filed in strict accordance with law, and the defendant in error is estopped from asserting the contrary."

We are inclined to think that the court below decided correctly. The demurrer was undoubtedly a nullity at the time it was filed, because it was filed out of time, without leave of the court, and without the consent of the defendant. Or at least, the court and the defendant had a right to treat it as a nullity. (*Hopkins v. Cothran*, just decided by this court, *ante*, p. 173.) And so far as we can see from the record, the court and the defendant continued to possess that right until the case was brought to this court. Neither ever did anything so far as the record shows to waive or abridge that right; and the plaintiff had no power by her own act to take it from them. Neither is there anything in the record that shows that the plaintiff ever gained anything, or that the defendant ever lost anything, by reason of the filing of said demurrer. And there is nothing in the record that tends to show that any party or person ever acted in any different manner because of the filing of said demurrer than he would have acted if it had not been filed, except the following clause from the agreed statement of facts: "Said defendant Clark knew of said demurrer being filed, and subpœnaed no witnesses in his behalf in said cause from the time said demurrer was filed until it was finally disposed of, when he duly subpœnaed his witnesses who afterward testified on his behalf on the trial." Now this hardly shows that the defendant did not subpœna his witnesses because said demurrer was filed. But even if it be considered that it does, still, it would not show that the defendant lost anything by reason of the filing of the demurrer, or that he at any time waived his right to treat the demurrer as a nullity. And if he failed to subpœna his witnesses because of the filing of said demurrer, then the demurrer operated as a positive benefit to him, for it lessened the amount of costs which he would have had to pay to such witnesses. The plaintiff herself seems to have considered the demurrer as of little value, for she continued to subpœna witnesses after it was filed, and afterward withdrew it. Under

the circumstances of this case we think the demurrer was a nullity at the time it was filed. There was nothing afterward done to give it any life, and there was nothing done to estop the party filing it from afterward treating it as a nullity.

The judgment of the court below is affirmed.

All the Justices concurring.