## P. H. Cooper v. William H. Brown.

1. Replevin; *Right of Possession Shown.* Where by contract between B. and S., the latter furnished money with which the former purchased stock, to be by him kept for two years, unless sooner sold by mutual consent, the profits therefrom to be equally divided, *held*, that during said two years B. has, as against S., or any purchaser from S., with notice, a right of possession coupled with an interest. .

2. Replevin; *Judgment, Not Erroneous.* In an action by a purchaser from S., with notice, to recover the possession of said stock prior to the expiration of the two years, the only evidence of the value of B.'s right of possession was in testimony as to the original cost and present value: *Held*, That a judgment for the return of the property, or for its value in case a return could not be had, was not erroneous.

*Error from Sumner District Court.*

Replevin, brought by *Cooper* against *Brown*, to recover the possession. of certain calves. Trial at the November Term, 1878, of the district court, and judgment for the defendant. *Cooper* brings the case here. The opinion states the facts.

*J. T. Herrick*, for plaintiff in error.

*McDonald & Hutchins*, for defendant in error.

The opinion of the court was delivered by

Brewer, J.: This was an action of replevin, brought to recover the possession of some calves. The case was tried before a jury. Verdict and judgment were for defendant, and plaintiff alleges error. The facts are these: The calves were bought by defendant, under this agreement: ·

"Caldwell, Sumner Co., Kas., Oct. 10, 1876.

"*Articles of agreement between Tice Salsbury and W. H.* ·
*Brown:* Said Tice Salsbury agrees to furnish said W. H.·
Brown money to buy fifty or more head of cattle. W. H.
Brown does agree to keep said cattle for one-half of the increase and half of the profit of said cattle when sold. Said cattle shall be kept by W. H. Brown until both parties think practicable [ profitable ] to sell said cattle; then said Salsbury

receives the cost of said cattle, and half the profits, after deducting all losses occurring from all unavoidable deaths of said cattle—W. H. Brown being responsible for all lost through neglect.   Also, both parties agree to pay half of the tax on said cattle; and said cattle are to be sold within two years from date.                     TICE SALSBURY.
                                        W. H. BROWN."

Sixty-eight head of calves were purchased.  In October, 1877, and after thirteen had died, Salsbury sold and delivered the balance to plaintiff.  This sale was against the protest of Brown, who refused to consent to any sale, except as he got his share of the profits.  The calves were in the possession of the defendant, and plaintiff had notice of his claim before delivery and before payment.  Subsequently, Brown took possession of twenty-seven head, and this action was commenced to recover them.  The court instructed the jury to find the right of possession in defendant, and also the value of the calves, and upon a verdict to that effect, rendered judgment for a return of the calves or their value.

Two questions arise: Was the defendant entitled to the possession?  If so, was he entitled to a judgment for their full value in case a return could not be had?  Upon the case as it stood before the jury, we think both questions must be answered in the affirmative.

As to the first, there can be little doubt.  The contract substantially provided that Brown should keep the calves for two years, unless prior thereto sold by mutual consent.  This right of possession was coupled with an interest, and Salsbury could neither himself deprive Brown of the possession, nor empower any one else to do so.  Until the two years named in the contract had expired, Brown's right of possession could not be divested without his consent.  The instruction to find the right of possession in defendant was therefore correct. (*Birks v. French*, 21 Kas. 238.)

In reference to the second question, the contention of counsel is, that defendant was not the absolute owner; that his interest was like that of a chattel mortgagee, and instead of a judgment for the value of the property in case a return could not be had, it should have been for simply the value

of his interest in the property. The case of *Wolfley v. Rising,* 12 Kas. 535, is cited, in which such a rule was laid down where a chattel mortgagee brought replevin. The difficulty is, that upon the testimony the extent or value of defendant's interest could not be determined. All that the testimony disclosed was the original cost and the present value. One-half of the difference between the two might be said to be the limit of defendant's interest. But is it? The contract gave him one-half the profit of two years' keeping. Could the plaintiff or Salsbury compel him to take simply one-half the profits of one year's keeping? The cost was $4.50 a head; the value as found, $13. Whether this increase in value was mere matter of growth, or change in market price, we are not advised. And yet before the value of defendant's interest in the property can be determined, must not these facts appear? If the increase in value is simply from the growth, is the same ratio of growth and increase of value to be expected during the second year? If not, how much less or more? On the other hand, if the increase in value flows partially or wholly from a change in market prices, what has caused this change? Is it temporary, or permanent? Surely these are matters which enter into the determination of the value of an interest in one-half the profits of a two-years' keeping. But it may be said that it was defendant's duty to show these matters, and establish the extent of his interest beyond the right of possession. We think not. He was in possession, and had the right of possession. Plaintiff commenced this action to deprive him of that rightful possession. Defendant, having shown his right of possession, was entitled to a return. Without other showing, upon failure to obtain return, the value is the statutory equivalent or compensation. And he who would have a reduction of this statutory equivalent, must himself show sufficient reasons therefor. The testimony is too incomplete to lay a foundation for any such reduction, and therefore there was no error in not allowing any.

The judgment will be affirmed.

All the Justices concurring.