JOHN HARRIS & CO. v. W. L. CAPELL, *et al.*

ASSIGNMENT *for the Benefit of Creditors; Attachment Properly Discharged.*
    Where an action was commenced on a promissory note before it was due, by attachment, under §§ 230 to 236 of the civil code, on the grounds that the defendant had sold, conveyed or otherwise disposed of his property with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts, or was about to make such sale, conveyance or disposition of his property with such fraudulent intent, or was about to remove his property, or a material part thereof, with the intent or to the effect of cheating or defrauding his creditors, or of hindering or delaying them in the collection of their debts; and the defendant moved to discharge the attachment, on the ground that the matters and things set forth in the plaintiff's affidavit for the attachment were untrue and false; and upon the hearing of the motion it was shown for the purpose of sustaining the attachment that the defendant had previously executed a voluntary assignment of nearly all his property, conveying the same to an assignee in trust for the benefit of the defendant's creditors; and from the evidence introduced it

appeared that this assignment was in fact made in good faith, although there were some irregularities connected with the execution and consummation of the assignment which might possibly have rendered it void, or voidable; and the court below discharged the attachment: *Held,* Not error; that if the defendant had not done anything, nor was about to do anything, for the purpose of hindering, delaying or defrauding his creditors, the plaintiff was not entitled to the attachment, although possibly the assignment, for certain irregularities, might have been void or voidable.

*Error from Johnson District Court.*

JANUARY 21, 1882, the judge of the district court made an order discharging an attachment in an action wherein *Harris & Co.* were plaintiffs and *Capell* and two others were defendants. This order the plaintiffs bring here for review. The opinion states the facts.

*I. O. Pickering,* and *Frank R. Ogg,* for plaintiffs in error.
*Gill & Parker,* and *Burris & Little,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced on a promissory note before it was due, by attachment, under §§ 230 to 236 of the civil code. The promissory note was executed September 16, 1881, by the defendants, W. L. Capell, C. H. Taylor and J. B. Abbott, to the plaintiffs, John Harris & Co., for $1,000, due in 90 days after date, and drawing interest at the rate of 12 per cent. per annum. The note was not secured in any manner. On November 19, 1881, the plaintiffs desired the defendants to give security on the note, and the defendants offered to give a chattel mortgage on some personal property worth about $1,800; but the plaintiffs refused to accept such security, and demanded that the defendants should give to them a mortgage on real estate. This the defendants refused. Afterward, but on the same day, the defendant Taylor executed a voluntary assignment of nearly all his property, conveying the same to Almon H. Baldwin, in trust for the benefit of his (Taylor's) creditors. On the same day the plaintiffs commenced this action, and on November 21st or 22d the

property was taken by the sheriff from the possession of the assignee, Baldwin, on the order of attachment issued in this action. Afterward the defendants moved to discharge the attachment, on the grounds that the matters and things set forth in the plaintiffs' affidavit for the attachment were untrue and false, and that consequently the attachment itself was null and void. The grounds for the attachment, as set forth in the plaintiffs' affidavit, were that the defendants had sold, conveyed and otherwise disposed of their property, with the fraudulent intent to cheat or defraud their creditors, or to hinder or delay them in the collection of their debts; or were about to make such sale or conveyance or disposition of their property with fraudulent intent; or were about to remove their property, or a material part thereof, with the intent or to the effect of cheating or defrauding their creditors, or of hindering or delaying them in the collection of their debts. A hearing was had upon the motion to discharge the attachment before the judge of the district court, at chambers, and on January 21, 1882, the motion was sustained, and the attachment discharged. Of this order the plaintiffs now complain, and ask for a reversal thereof in this court.

The only substantial question presented to the judge of the court below, or to this court, is, whether the defendant C. H. Taylor had sold, conveyed or disposed of his property, or any portion thereof, with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts; or was about to make such sale or conveyance or disposition of his property with such fraudulent intent, prior to the commencement of this action.

There was no claim made by the plaintiffs, on the hearing of the motion before the judge of the court below, nor is there any claim now made, that the defendants W. E. Capell or J. B. Abbott disposed of, or intended to dispose of, any of their property, for the purpose of hindering, delaying or defrauding their creditors, or of hindering, delaying or defrauding anyone else. We are inclined to think that the decision of the judge of the court below was correct. It is true that there

was some evidence tending to show fraud; but we are inclined to think that the weight and preponderance of the evidence tended to show that all the defendants and the assignee acted in good faith.

In addition to the facts already stated, the evidence tended to show that Taylor was in fact insolvent at the time he executed the assignment. It is true that the evidence tended to show that his property was worth an amount more than equal to the amount of all his debts and liabilities; but he did not have property, not exempt from execution, equal in value to the amount of his debts. In other words, his aggregate indebtedness was more than equal to the value of all his property which was not exempt from execution. Under such circumstances, he undoubtedly had a right to make an assignment for the benefit of his creditors. The plaintiffs, however, claim that the assignment was void for certain irregularities. Now whether the assignment was void or not, from irregularities, is not a question in this case. If the defendant Taylor acted in good faith in making the assignment, it is immaterial in this case whether he accomplished it or not; for if he acted in perfect good faith he was not guilty of selling, conveying or otherwise disposing of his property "with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts;" nor was he "about to make such sale or conveyance or disposition of his property with such fraudulent intent," so as to authorize the attachment under § 230 of the civil code. It must be remembered that the material question in this case is simply, whether the attachment is valid, and that all questions with reference to the assignment arise only incidentally. This case is wholly unlike a case where an execution, with regard to the regularity and validity of which there is no question, or a case where an order of attachment, with regard to the regularity and validity of which there is no question, is levied upon property which is claimed by some person other than the defendant in the execution or the attachment proceedings, and claimed by him by virtue of an

assignment made to him by such defendant of the property in question in trust for the benefit of creditors. In such a case the validity of the assignment arises fairly and squarely. In a case like this, however, the assignment can be used only for the purpose of tending to prove, or disprove, the good faith or the fraud of the defendant in making the assignment. If he made it for the purpose of defrauding his creditors, then it tends to uphold the attachment; but if he made it in good faith, it does not so tend to uphold the attachment, although possibly for some technical reason it may be void. The assignment may be void in this case, and yet the plaintiffs may not be entitled to their attachment.

The irregularities and other matters which the plaintiffs urge, as tending to defeat the assignment and sustain their attachment, are as follows:

They claim that the assignment does not on its face purport to convey all of Taylor's real estate.

They also claim that no schedule of liabilities was filed with the clerk of the district court on the day that the assignment was executed; that when the schedule was filed that it did not include the plaintiff's claim; that Taylor, shortly before making the assignment disposed of some stock; that Taylor kept some of the goods which were covered by the assignment.

Now, with the explanations given by the defendant Taylor and his witnesses, we do not think that any of these things show any want of good faith on the part of Taylor or his assignee in making the assignment, or in consummating any of the other transactions; and whether, technically, any of them render the assignment void, it is not necessary, as we have before stated, for us now to decide.

The plaintiffs also claim that the defendants admitted the truth of the matters and things set forth in the plaintiffs' affidavit, by filing a general demurrer to the plaintiffs' petition; because, as they claim, the petition alleged and set forth the same matters that were contained in their affidavit.

Now of course the demurrer admitted the facts set forth

in the petition for the purposes of the demurrer, but for the purposes of the demurrer only, and did not admit them for the purposes of the motion to discharge the attachment.

The plaintiffs also claim that the judge of the court below erred in admitting in evidence certain affidavits filed in the case prior to the filing of the motion to discharge the attachment. It is true that the judge of the court below permitted such affidavits to be read in evidence, but we do not think that he erred thereby. The plaintiffs had previously had ample time to examine them; they did not claim that they were surprised; they did not ask for further time to file other affidavits; and a portion of such affidavits they read in evidence themselves. We do not think that they have any reason to complain in this respect.

The order of the judge of the court below discharging the attachment will be affirmed. ·

All the Justices concurring.