L. H. MYLIUS v. THE ST. LOUIS, FORT SCOTT & WICHITA
RAILROAD COMPANY.

CHANGE OF VENUE; *Mileage Fees of Witnesses, and Sheriff's Fees.*   Where
an action is instituted in the district court of one county, and is taken
on change of venue to the district court of another county, and the
plaintiff in the action has a subpena for various witnesses issued from
the district court to which the case is taken to the sheriff of the county
in which the case was instituted, and the sheriff in that county serves
such subpena upon the witnesses, and the witnesses attend the trial in
the county to which the case is removed, *held,* that the plaintiff cannot
recover as costs from the defendant the mileage fees of such witnesses,
nor the fees of the sheriff for serving the subpena.

### *Error from Miami District Court.*

AT the May Term, 1883, the court sustained the motion
of the defendant *Railroad Company* to retax the costs in a
certain action wherein plaintiff *Mylius* recovered a judgment
against it.   This ruling the plaintiff brings here.

*J. D. McCleverty,* for plaintiff in error.

*J. H. Sallee,* and *W. C. Perry,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was a motion to retax costs; and
the facts, as shown by the record, are as follows: The de-
fendant, the railroad company, instituted proceedings to
condemn a right-of-way across the plaintiff's land, situated
in Bourbon county.   The plaintiff, Mylius, took an appeal
from the award of the commissioners to the district court of
Bourbon county.   At the next term of the district court the
railroad company asked for a change of venue to some other
district, because the then judge of the district court had
previously been an attorney in the case.   The change of
venue was thereupon ordered, and the cause went to Miami
county for trial.   Both parties had subpenas issued to the
sheriff of Bourbon county, who served the same upon wit-
nesses in that county.   The witnesses responded to these sub-

penas, and attended the district court of Miami county, and were sworn and examined as witnesses. The jury found for plaintiff in the sum of $350, and plaintiff had judgment for costs. The clerk taxed up and allowed these witnesses mileage fees, from their places of residence in Bourbon county to Paola, Miami county, and return, and also the fees of the sheriff of Bourbon county for serving the plaintiff's subpenas. The amount so taxed for mileage for plaintiff's witnesses was $100.20; for sheriff's fees, $6.40; total, $106.60. The witnesses actually traveled the distance by each claimed. None of them were served with subpenas except as above stated, in Bourbon county. The distance traveled by each of the plaintiff's witnesses within Miami county was thirty miles.

The defendant filed a motion to retax these costs, claiming them to be illegal. The court sustained the motion, and disallowed all fees for mileage for the plaintiff's witnesses, and the fees of the sheriff of Bourbon county for serving subpenas in that county. The plaintiff excepted, and brings the case here for review on error; and he claims that there are really three disputed questions in the case:

"1. Is a witness residing in one county in this state, who attends court in another county, entitled to mileage for the whole distance actually traveled in attending court?

"2. If not for the whole distance, is he then entitled to mileage for the distance actually traveled within the county where he attends court, although not served with a subpena within that county?

"3. Is a sheriff entitled to receive fees for serving within his county a subpena issued from the district court of another county?"

The foregoing is hardly an accurate statement of the questions involved in this case. The questions are not whether a witness who resides in one county and attends the district court in another county, is entitled to milage fees, or not; and whether a sheriff who has served within his own county a subpena issued from the district court of another county, is entitled to service fees, or not; but the question is, whether

234        SUPREME COURT OF KANSAS.

the party who has caused such services to be rendered by the sheriff and witness is entitled to recover a judgment against the other party for such services. It may be that, when a party causes a subpena to be issued from the district court of one county into another county, and causes the sheriff of this other county to serve the same, and thereby causes a witness to leave his own county to attend the district court of the first-mentioned county, such party is liable for all the fees of the sheriff and witness, and that the sheriff and witness are entitled to recover the same from him; but the question in this case is whether such party is then entitled to recover the same from the other party. No question has been raised in this case with reference to the fees of the witnesses for their *per diem* services in attending the district court in Miami county. We suppose they were allowed by the district court; but the question here raised is with reference to the fees of the sheriff of Bourbon county, and the mileage fees of the witnesses from that county. We shall consider all the questions raised in this case together.

There is no provision in the statutes requiring a witness to attend court except upon a subpena; and no provision authorizing the issuance of a subpena from the district court of one county to the sheriff of another county. This is probably not an oversight of the legislature, for the legislature has provided that summonses, attachments, executions, etc., may be issued from the district court of one county to be served by the sheriff of another county. See also the following affirmative statutes. Section 328 of the civil code reads as follows:

"SEC. 328. A witness shall not be obliged to attend for examination on the trial of a civil action except in the county of his residence, nor to attend to give his deposition out of the county where he resides, or where he may be when the subpena is served upon him."

Section 346 of the civil code provides, among other things, as follows:

'SEC. 346. The deposition of any witness may be used only in he following cases: *First,* When the witness does not

reside in the county where the action or proceeding is pending, or is sent for trial by change of venue, or is absent there-from."

Section 15 of the act relating to fees and salaries provides, among other things, as follows:

"Sec. 15. Witnesses shall receive the following fees: . . For each mile necessarily and actually traveled, in going to and returning from the place of attendance, ten cents."

It will be seen from the foregoing that no witness is required to attend the district court unless he has been regularly subpenaed; and no subpena can be regularly issued or served upon him for such a purpose except a subpena from his own county, and he is not required to attend the district court or to give his evidence except in his own county ; and he is not entitled to receive mileage fees except for each mile "*necessarily*" traveled in going to and returning from the place of attendance; and there is no statute that contemplates an attendance upon the court beyond his own county, and no statute that contemplates that it will be *necessary* for him to travel outside of his own county in going to and returning from the place of attendance; and under the statutes he cannot "necessarily" travel a single mile for the purpose of attending the court, except in traveling to some place within his own county. Hence we think that the decision of the court below is correct. But if it is not correct, then a witness may travel four hundred miles each way — eight hundred miles in all — as well as thirty miles, and do this without a subpena, and receive full fees for the whole eight hundred miles traveled, notwithstanding the fact that it was not *necessary* under the law for him to travel a single mile outside of his own county. We do not think that the statutes authorize any such thing. And without authority, of course no fee can be allowed.

We think that both the service of the subpena by the sheriff of Bourbon county and the traveling done by the witnesses were unnecessary, and unauthorized by law; and the plaintiff cannot recover costs because thereof. As a general rule, a

party cannot recover for costs which are unnecessarily made. (*Clark v. White,* 17 Kas. 180, 182.)

The judgment of the court below retaxing the costs will be affirmed.

All the Justices concurring.