## O. A. COOPER v. N. L. CLARK.

ASSIGNMENT *for Benefit of Creditors — Attachment, Not Authorized.*  Where a deed of assignment for the benefit of creditors is executed in good faith and without any wrongful intent, but is so defectively executed as to render it void, *held,* that the execution of such instrument in such manner is not sufficient of itself to authorize an attachment against property.

*Error from Washington District Court.*

THE opinion states the case.

*A. S. Wilson,* for plaintiff in error.
*Charles Smith,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Washington county on June 13, 1888, by O. A. Cooper against N. L. Clark, to recover the sum of $367.50, on an account for goods alleged to have been sold and delivered by the plaintiff to the defendant. On the same day an order of attachment was issued and levied upon certain property as the property of the defendant. The affidavit upon which the attachment was founded sets forth the grounds therefor as follows:

"That said defendant is about to remove his property, or a part thereof, out of the jurisdiction of this court, with the intent to defraud his creditors, and is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors, and has property and rights in action which he conceals, and is about to assign, remove and dispose of his property, or a part thereof, with the intent to defraud, hinder and delay his creditors, and has assigned, removed and disposed of his property, or a part thereof, with the intent to defraud, hinder and delay his creditors, and fraudulently contracted the debt and incurred the obligation for which the above-named suit has been brought."

On June 20, 1888, the defendant filed a motion to dissolve the attachment, upon the ground "that the grounds, statements and affidavits in and upon which said attachment and the order therefor were made and issued are not, nor are any of them, true." On the next day this motion was heard by the court upon evidence, and was sustained, and the attachment dissolved; and to reverse this order of the district court dissolving the attachment, the plaintiff, as plaintiff in error, brings the case to this court.

The principal evidence relied on by the plaintiff to sustain his attachment was a deed of assignment executed by the defendant on June 11, 1888, to R. Vincent, for the benefit of the defendant's creditors, which assignment the plaintiff claims was and is defective in two particulars, to wit: "1. The deed

of assignment attempted to make John Sanders a preferred creditor. 2. No schedule of liabilities was filed." On June 14, 1888, the defendant executed another deed of assignment precisely like the first, except that the alleged defects in the first deed of assignment were rectified and cured. In the second deed of assignment no creditor was preferred, and with it a full schedule of liabilities was filed. This second deed of assignment, however, has but little materiality in this case. The first deed of assignment purports to convey all the property of the defendant, real and personal, except such as was exempt from judicial process; and it then contains the following provisions, to wit:

"The said second party shall take immediate possession of all said property, both real and personal, hereby assigned, and sell and dispose of the same as shall best promote the purposes hereof, and in such manner as shall be to the best interests of the creditors of the said assignor, and do and perform all things necessary and proper to be done and performed, to execute fully the trust hereby created, giving and granting to said assignee full power and authority to make, execute and deliver any and all papers, receipts, bills, mortgages and conveyances necessary or proper to be made, executed or delivered for the full, perfect and final execution and settlement of said trust, and by and with the proceeds, sales and collections, to pay the just and proper costs of the execution of said trust, and pay and discharge —

"*First*, The debt and demand of John Sanders against the said first party in full.

"*Second*, All the other debts of said first party in full, together with interest due and accruing, whether due or hereafter to become due, provided the remainder, after paying said costs and expenses, and the said debt of the said John Sanders, shall be sufficient therefor; if not, then to pay each and every of said debts, demands and liabilities, due or to become due, against said first party, (otherwise than that of said John Sanders,) *pro rata* as said remainder shall be sufficient, it being the purpose and intent to prefer said John Sanders."

From anything appearing in the case, the defendant may have acted in the utmost good faith in all that he did, and as the court below sustained the defendant's motion and dissolved

the attachment, it must have found that the defendant did so act. Upon the evidence we cannot reverse this finding. The only question then to be considered is, whether as a matter of law the facts that the defendant in the deed of assignment preferred a creditor and did not file any schedule of liabilities, proves the truth of the grounds set forth in the plaintiff's affidavit for the attachment. The question is not whether these facts render the deed of assignment void. That question is not in this case; but as before stated, the question is, whether these two facts with the other evidence, necessarily prove the truth of the plaintiff's grounds for his attachment. We think they do not. (*Harris v. Capell*, 28 Kas. 117; *Tootle v. Coldwell*, 30 id. 125, 135, *et seq.*; *McPike v. Atwell*, 34 id. 142, 148.) There is some uncertainty with reference to Sanders's claim, but upon the evidence and as against the decision of the court below, we cannot say that it was in any respect fraudulent, or that there was any fraud or intended wrong in any manner connected therewith; nor does it make any difference with reference to whom the property attached belonged. The attachment was against the defendant, and the grounds for the attachment as set forth in the plaintiff's affidavit were that he was guilty of fraud or of intended fraud. If he was not guilty of any fraud or intended fraud, then the attachment was rightfully dissolved, whether the order of attachment was levied upon his property or upon some one else's property, and this for the reason that there were no sufficient grounds in fact for the attachment to rest upon. Upon the evidence it is to some extent doubtful whether the defendant and Sanders were partners or not; whether the preferred debt to Sanders was a partnership debt or an individual debt; and whether the property levied upon under the attachment belonged to the defendant, or to Sanders, or to the partnership. Whether the defendant and Sanders were partners or not is wholly immaterial so far as this case is concerned, provided the preferred debt was not a partnership debt; and there was evidence sufficient to authorize the court below to find that the preferred debt was not a partnership debt, but was the in-

dividual debt of the defendant to Sanders. There was also sufficient evidence to authorize the court to find that the property upon which the attachment was levied was the individual property of the defendant; but the question is immaterial so far as this case is concerned.

The order of the court below dissolving the attachment will be affirmed.

All the Justices concurring.