WILLIAM J. SCOTT, *Assignee*, v. JOHN BEARD *et al.*

No. 150.

1. STATUTES OF ANOTHER STATE — *in absence of proof, presumed same as our own on same subject.* Where the statutes of another state are not introduced in evidence, they will be presumed to be the same as the statutes of our own State upon the same subject.

2. GENERAL FINDING — *evidence tending to prove assignment fraudulent, finding it was fraudulent conclusive on error.* Where the facts and circumstances surrounding an assignment, and the evidence of the parties to it, tend to show that the assignment was made with the intent, upon the part of the assignor, to hinder, delay, or defraud his creditors, and the trial court, upon the evidence introduced, finds that the assignment is void, we cannot disturb its findings.

3. REPLEVIN — *special ownership found, judgment should be for return or value of special ownership, not exceeding value of property.* Where the plaintiff has secured the property in controversy in a replevin action in which the defendant is found to have a special ownership, the judgment should be for a return of the property, or, in case a return cannot be had, then for an amount equal to the value of the special ownership, not to exceed the value of the property.

4. ——— *defendants sued as partners, no proof partnership had parted with property, judgment for partners though testimony of incorporation at time of trial.* Where a company is sued as a partnership, in an action to replevin attached prop-

Scott, *Assignee*, v. Beard.            561

March 3, 1897.        Opinion.    Dennison, P. J.            E. Div.

erty, and there is nothing to show that, at the time the suit was brought, it was not a partnership, or that, at the time of the trial, it had ceased to own and retain the right to collect its accounts as such, *held*, that the court did not err in rendering judgment in favor of the members of the partnership, although one of the members testified at the trial that the company was then incorporated.

5. ――――― *finding against plaintiff, excluding evidence of plaintiff's expense in caring for property and defending title, not error.* When the court finds against the plaintiff on the merits of the case, it is not material error to exclude testimony as to the expenses incurred by the plaintiff in caring for replevined property or in defending the title to it.

6. EVIDENCE EXAMINED — *and held, though objectionable, not to have unduly influenced court.* The evidence objected to in this case has been carefully examined, and we think that the material rights of the plaintiff in error were not prejudiced by any undue influence the evidence complained of may have had upon the judge.

Error from Miami District Court. Hon. John T. Burris, Judge. Opinion filed March 3, 1897. *Affirmed.*

*J. F. Purdue,* and *Wm. J. Scott,* for plaintiff in error.

*Sperry Baker,* and *Grant I. Rosenweig,* for defendants in error.

DENNISON, P. J. This is an action in replevin, brought in the District Court of Miami County by William J. Scott, assignee of M. J. Fulkerson, as plaintiff, against John Beard, and Robert E. Mathews, John Doggett, B. R. Bacon, G. B. Peck, R. B. Harris, and F. B. Heath, partners doing business as the Doggett Dry Goods Company, and Albert N. Church, as defendants, to recover the possession of one span of horses, one two-seated carriage, and one set of double harness, alleged to be of the value of $250, and for one hundred dollars damages for their wrongful detention, and expenses incurred thereby. An order of

36—5 KAN. APP.

562    SCOTT, *Assignee*, v. BEARD.

S. Dept.        Opinion.   Dennison, P. J.        5 Kan. App.

delivery was issued and the property was delivered to the plaintiff, who retained and has since sold it. M. J. Fulkerson, on September 17, 1891, made a voluntary assignment of his property to Scott as assignee, which assignment was filed for record in the office of the recorder of deeds of Jackson County, Missouri,— the residence of the parties to the assignment being in Kansas City, Mo. Scott claims the property by virtue of the assignment, as the property of said Fulkerson. Judgment in the lower court was for the defendants and the plaintiff below brings the case here.

John Beard, as constable, by virtue of a writ of attachment duly issued to him by a justice of the peace in an action in which the Doggett Dry Goods Company was plaintiff and M. J. Fulkerson was defendant, did, on the nineteenth day of September, 1891, levy upon the property in controversy, and claims the property under such levy. The validity of the assignment was the real question at issue in the court below, and is the main question to be determined by this court. The case was tried by the court below without a jury, and judgment was for the defendants.

The evidence shows that the defendant in the attachment suit, M. J. Fulkerson, was the proprietor of a laundry located at 1312 Main Street, Kansas City, Mo., and, also, proprietor of a towel supply establishment, located at 1816 Main Street, Kansas City, Mo. In the month of September, 1891, he made a bill of sale of the towel supply establishment to his brother, Alvin C. Fulkerson, the consideration named in the bill of sale being five thousand dollars. He took from his brother, Alvin C. Fulkerson, eighteen promissory notes, payable at intervals of three months apart, the first maturing three months from date of

execution and the last maturing fifty-four months from date of execution, amounting to forty-five hundred dollars. He also took from his brother, Alvin C. Fulkerson, a mortgage upon the property mentioned in the bill of sale, to secure these promissory notes, and then transferred the notes to his wife. He gave a deed of trust upon the laundry for the benefit of his wife and the National Bank of Kansas City, and then made the assignment to the plaintiff in this action. The bill of sale to Alvin C. Fulkerson, and the chattel mortgage from him to M. J. Fulkerson, and the deed of assignment to the plaintiff, William J. Scott, were all filed for record September 17, 1891, at 9 o'clock A. M., 9:02 o'clock A. M. and 11:12 o'clock A. M., respectively.

The contention of the defendants is, that the sale of the towel supply establishment to his brother Alvin, the taking from him the notes and chattel mortgage and the transfer of the notes to his wife, the execution of the deed of trust upon the laundry for the benefit of his wife and another, and the assignment to Scott, were all parts of one single scheme upon the part of M. J. Fulkerson to hinder, delay and defraud his creditors, and that, therefore, the assignment is void under paragraph 3162 of the General Statutes of Kansas, 1889, which reads as follows :

"Every gift, grant or conveyance of lands, tenements, hereditaments, rents, goods or chattels, and every bond, judgment or execution, made or obtained with intent to hinder, delay or defraud creditors of their just and lawful debts or damages, or to defraud, or to deceive the person or persons who shall purchase such lands, tenements, hereditaments, rents, goods or chattels shall be deemed utterly void and of no effect."

Scott testified that, at the time of the making of

564        SCOTT, *Assignee*, v. BEARD.

S. Dept.          Opinion.   Dennison, P. J.          5 Kan. App.

the assignment, Fulkerson told him that two or three suits had been brought against him and the parties were about to take judgment and would levy upon his property, and he was afraid that if they did the property would be sacrificed. Fulkerson testified that he told Scott that he had some suits, and that he did not know whether he could settle them or not, and that he would like to make an assignment to him.

If the Statute of Frauds of Missouri is the same as in Kansas, and the assignor made the conveyance of assignment for the purpose of hindering, delaying or defrauding his creditors of their just and lawful dues, the assignment is void. The statutes of Missouri relative to frauds are not in evidence, and we must presume they are the same as the statutes of Kansas upon this subject. The question then is : Did M. J. Fulkerson make the assignment with the intent to hinder, delay or defraud his creditors ? There was considerable evidence tending to show that the assignment was fraudulent, and there was some conflict in the evidence. The testimony was partly by deposition and partly by an oral examination of witnesses. The court, by its finding for the defendants, determined this question in their favor. We cannot inquire into the sufficiency of the evidence except to determine that there is some evidence tending to establish fraud. In this case there is abundance of it, and we are bound by the finding of the trial court. Almost every volume of the reports contains one or more decisions of our Supreme Court, that the verdict of a jury which has been approved by the judge cannot be questioned in this court, if there is some competent evidence to uphold it.

1. Statutes of another state.

"The finding of the trial court, being based upon conflicting testimony, is as conclusive as the verdict

Scott, *Assignee*, v. Beard.                565

March 3, 1897.        Opinion.    Dennison, P. J.              E. Div.

of a jury and therefore cannot be successfully assailed in this court." *Bentley v. Brown*, 37 Kan. 14.

Counsel for plaintiff in error argue that, to uphold the attachment, the assignment must upon its face show an actual, personal intent upon the part of the defendant to defraud his creditors; and cite *McPike & Fox v. Atwell* (34 Kan. 142), and *Cooper v. Clark* (44 Kan. 358), to sustain this position. We do not so understand the authorities cited. In *McPike & Fox v. Atwell*, supra, the plaintiffs relied upon the deed of assignment to show fraud in its execution sufficient to sustain an attachment. There was no evidence introduced tending to show a fraudulent intent, and the Supreme Court held that the mere fact that it was defectively executed, or that it contained provisions not authorized by the statute, is not sufficient to sustain an attachment of the property assigned, upon the ground of fraud; but that, where the deed of assignment was the only evidence introduced to show such fraud, it must upon its face show an actual, personal intent on the part of the assignor, to defraud his creditors. In the case at bar there was an abundance of evidence tending to show that the deed of assignment was conceived in fraud, and the case of *McPike v. Atwell*, supra, is not, for that reason, a similar case, nor is the same question involved therein.

*2. Findings not disturbed.*

In *Cooper v. Clark*, supra, the Supreme Court says:

"Where a deed of assignment for the benefit of creditors is executed in good faith and without any wrongful intent, but is so defectively executed as to render it void, *held*, that the execution of such instrument in such manner is not sufficient of itself to authorize an attachment against property."

We can see no application of that principle to this

566      Scott, *Assignee*, v. Beard.

S. Dept.      Opinion.   Dennison, P. J.      5 Kan. App.

case. The judgment was for the return of the property, or, in case such a return could not be had, for an amount equal to the judgment and costs in the attachment proceeding. The plaintiff in error contends that the judgment should have been for the value of the property instead of for the amount of the judgment and costs. The judgment was correctly rendered for a return of the property or, in case a return could not be had, for an amount equal to the special ownership of the defendants therein. *Wolfley v. Rising*, 12 Kan. 535.

The plaintiff in error contends that the court erred in rendering judgment in favor of the individual members of the partnership for the reason that it is an incorporated company. The attachment suit was brought by the Doggett Dry Goods Company as plaintiff. Nothing is contained in the record to show whether it declared as a corporation or a partnership in the action for attachment. This action is brought by the plaintiff against the individuals as partners doing business as Doggett Dry Goods Company. No issue was raised as to whether the company was incorporated or was a partnership. During the trial B. R. Bacon, on cross-examination, in answer to the question "Is this an incorporated company?" said "Yes, sir." The company was sued as a partnership, and was called a firm by the attorneys and by several witnesses. The court finds that they are partners as Doggett Dry Goods Company, and renders the following judgment:

4. No proof defendants are corporation.

"It is, therefore, by the court considered and adjudged that the said personal property be returned to the defendant, John Beard; that in case the return thereof is not made within ten days from the date of this judgment, the defendants John Doggett, B. R. Bacon, G. W. Peck, R. B. Harris, and F. B. Heath,

SCOTT, *Assignee*, v. BEARD.        567

March 3, 1897.        Opinion.  Dennison, P. J.        E. Div.

partners doing business as Doggett Dry Goods Company, have and recover of the plaintiff the sum of $155.51, being the amount due on said judgment, and the further sum of $44.15, the amount of the costs in said action heretofore pending before W. T. Shively, justice of the peace ; and it is by the court considered and adjudged, that the defendants, John Doggett, B. R. Bacon, G. W. Peck, R. B. Harris and F. B. Heath, partners as Doggett Dry Goods Company, and John Beard, have and recover of the plaintiff the costs herein, taxed at $——— ; and it is by the court ordered, in case of failure to pay the said sums of money so as aforesaid adjudged against the plaintiff, execution issue therefor.''

We do not think the court erred in treating the company as a partnership, nor do we know whether the company was a corporation or a partnership, either when the suit was brought, or when it was tried.   For all that appears from the record the Doggett Dry Goods Company may have been a partnership at the time the attachment suit was brought, and, as such, entitled to the attached property.   The members may afterward have formed a corporation under the same name without including the debts or accounts of the partnership in the property to be owned or owing by the corporation.   The partnership could, if they chose, settle their accounts as a partnership.

The only other question raised relates to the introduction and rejection of evidence.   The plaintiff in error contends that the court erred in refusing to allow him to prove the amount of expenses he had been compelled to pay by reason of the property being attached.   The court found that the attachment was good and therefore the plaintiff is entitled to no damages or expenses.

5. Refusal of evidence of plaintiff's expense, not error, when.

If the refusal was error the plaintiff was certainly not prejudiced thereby.   We cannot reverse a judgment

for an error which is not material or prejudicial to the substantial rights of the plaintiff in error.

We have carefully examined the evidence complained of by the plaintiff in error. The objections and arguments are carried to such an extreme length, that, to consider them in detail, and write an explanation of our decision upon each one of them, would extend this opinion to an unwarrantable length. Each one is decided according to well-known rules for the introduction of evidence, and a repetition of them can serve no good purpose here. When we consider the fact that the case was tried by the court without a jury, and in the light of the statements 6. Evidence made by the court at the time the evidence was objected to, it is clear that the material interests of the plaintiff in error were not prejudiced by any undue influence the evidence complained of may have had upon the judge. We see no reason to reverse the judgment because of the introduction of improper testimony.

The judgment of the District Court is affirmed.