## Samuel Gregory and another v. Elijah Stanton and another.

*Parties to foreclosures : costs.*—A defendant in a suit to foreclose a mortgage on two parcels of land, answered, claiming one of them by paramount title, and disclaiming as to the other; and as to the last a decree was taken. It was held, that the bill should have been dismissed as to this defendant, with costs; as he was under the necessity of appearing and answering to protect his interest in the parcel claimed by him.

*Heard November 4th. Decided November 10th.*

GREGORY *v.* STANTON.

Appeal in Chancery from Genesee Circuit.

The bill was filed against Elijah Stanton and Stanton E. Reed, to foreclose a mortgage given by said Stanton on two parcels of land. The bill was taken as confessed by Stanton. Reed, who was made a party as a subsequent incumbrancer, answered, disclaiming as to one parcel, and claiming the other by a title paramount to the mortgage. The Court below made the usual decree, for the sale of the parcel as to which Reed disclaimed, on the failure by Stanton to pay the amount due and costs by a day named. Reed appealed, claiming that the Court below should have dismissed the bill as to him, with costs.

*G. V. N. Lothrop,* for complainant:

Reed can complain of nothing which is *in* the decree; but only of what is *not* in it; namely, *costs.* But costs are in the discretion of the Court: — *Comp. L.* § 5596. And when costs are lodged in such discretion, they do not furnish any ground for appeal: — 2 *Johns. Ch.* 317; 3. *Paige,* 88; 15 *Vt.* 185; *Ibid.* 576.

*W. A. Moore,* for defendant Reed.

MANNING J.:

Reed, the appellant, was made a party to the foreclosure as subsequent incumbrancer. The mortgage was of two pieces of land. Reed answered, claiming one of them by a title paramount to the mortgage, and a decree was taken as to the other in which he disclaimed having any interest. He was under the necessity of appearing and answering to protect his interest in the piece that was dropped. The Court, we think, should have dismissed the bill as to him, with costs.

The decree is affirmed as to Stanton, the mortgagor, and reversed as to Reed, and the bill as to him dismissed, with costs in both courts.

The other Justices concurred.