## RUBLE v. McDONALD.

1. **Assignment:** FRAUD. Fraud may vitiate an assignment made for the benefit of creditors, though the assignee was not a party to, and had no knowledge of, the fraud.

   *Argu.* 1. —— CONVEYANCE. To impeach an absolute conveyance for fraud, it must be shown that the grantee had knowledge of the fraud when he parted with the consideration.

   2. —— ASSIGNEE AN AGENT. But an assignee is the agent of the assignor and the beneficiaries of the trust, and is not interested as a *bona fide* purchaser under an absolute conveyance.

2. **Instructions:** CONSIDERED TOGETHER. All the instructions given on the trial of a cause will be considered together by an appellate court. A proposition too broadly stated in one instruction will not constitute sufficient ground for reversal, if properly modified by another.

3. **Error without prejudice:** INSTRUCTION. The judgment of the court below will not be reversed because an instruction to the jury was erroneously refused on the trial, when such refusal worked no prejudice to the appellant.

Ruble v. McDonald.

*Appeal from Cedar District Court.*

THURSDAY, JUNE 8.

FOR the facts, see the opinion.

*Cook & Drury* and *Leffingwell* for the appellant.

*Grant & Smith* for the appellee.

LOWE, J. — In October, 1854, the firm of Charles Kra-
mer and Moses Ruble, merchants, in Camanche, in this
State, being in failing circumstances, made a
general assignment of their property and effects
by deed duly acknowledged to the plaintiff in this cause,
for the benefit of their creditors. In some fourteen days
thereafter, a large quantity of goods included in said
assignment were seized on attachment in favor of certain
creditors of said firm, and were disposed of by the attach-
ing officer for their benefit. The plaintiff, assignee, brings
this suit against the sheriff and creditors aforesaid, to
recover the value of said goods.

1. ASSIGNMENT: fraud.

The chief defense made is, that the assignment under
which the plaintiff claims is fraudulent and void. A trial
of this issue resulted in favor of the defense; a new hear-
ing was granted; a second trial resulted in the same way.
The motion for a new trial this time, founded alone upon
errors of law in giving and refusing certain instructions to
the jury, was overruled, and the plaintiff excepting, now
presses his exceptions in this court. The following are the
instructions for the defense, to which objections are made:

2. "That, if the jury shall believe, from the evidence,
that the assignees, Kramer & Ruble, bought a large quan-
tity of goods in the summer of 1854, and disposed of a
large part of the same without applying the proceeds to the
payment of these debts, and secretly, without the know-
ledge of their creditors, made an assignment of the residue
of their goods and assets, it is evidence of fraud.

3. "That, if the jury shall believe, from the evidence, that the assignors, or either of them, after making the assignment, remained in possession of the goods assigned, and carried on their business just as they did before they made the assignment, received assets, sold goods, and applied such assets or part of them to the payment of particular creditors, it is evidence of fraudulent intent in making the assignment.

4. " That, if the jury believe, from the evidence, that the debtors, Kramer & Ruble, in the fall of 1854, knew they were insolvent, and continued after such knowledge to purchase goods and put them into their business, and soon after they received them made an assignment, it is evidence of fraud in the assignment.

: 8. "That, if the jury shall believe, from the evidence, that Kramer & Ruble received large sums of money from the sale of goods, and did not pay their creditors with the same, and kept no account of the said moneys in their books, and when their debts fell due made an assignment without consulting their creditors, and without accounting for such moneys, it is evidence of fraud in making the assignment.

9. "That, if the jury shall believe, from the evidence, that Kramer & Ruble desired to make an assignment, giving to certain creditors a preference, and when they were advised by counsel that they could not prefer one creditor to another, made an assignment purporting to be general, in which the amount of the debt admitted to be due to said preference creditors was intentionally falsely made more than it really was, that. is evidence of fraud in the assignment, and not only evidence of fraud, but makes the assignment void.

10. " If the jury believe, from the evidence, that at the time sheriff McDonald levied the two said attachments in favor of Cooley, Wadsworth & Co., and Huntingdon,

Wadsworth & Parks, and against the said Kramer & Ruble, that the said Kramer & Ruble were in fact the owners of the said goods so levied upon, then the law is for the defendants.

15. "If the jury believe, from the evidence, that said Samuel F. Dillon, from and after the 17th October, 1854, was under the direction and supervison of Moses Ruble in all matters pertaining to the transactions of the goods and property claimed to be assigned, and that Moses Ruble was in fact in the possession of said property, and controlling the business pertaining thereto, such a state of facts tends to show that there never was a delivery of said property so claimed to be assigned under the requirements of the laws of Iowa.

16. "If the jury believe, from the evidence, that there was in fact no actual change of possession of the property claimed to be assigned, and no change in fact in the usual business carried on by Kramer & Ruble, then the plaintiff cannot recover in this action.

17. "If the jury believe, from the evidence, that a witness has intentionally testified to a falsehood, in any one essential or material part of his testimony, then the jury are at liberty to disregard the whole testimony in making up their verdict."

The objections made by the counsel to these instructions are twofold: first, general, as going to a point alike applicable to all; and secondly, special, as affecting some two of them.

In the first place, it is contended that they are all erroneous, in that they do not recognize a principle or rule which it is claimed pervades the law of assignments, namely, that in order to render void such instruments on the ground that they were made to defraud creditors, the grantee or assignee must have knowledge of and participate in the fraud.

The rule suggested and contended for, as applicable to grantees or purchasers under bills of sale or deeds of con-

*Arg.* 1. —— conveyance.

veyance, is perhaps a sound one, for the very plain reason that an innocent purchaser, who had paid his money in good faith, ought not to suffer on account of the grantor's fraudulent purpose, of which he had no knowledge; and it is to this class of cases that the authorities cited by appellant all refer.

The principle has no application to assignments. The

*Arg.* 2. —— assignee an agent.

assignee is but the agent of the assignor and beneficiaries of the trust. He has no such personal or individual interest in the transaction as that a guilty knowledge of the fraud must be brought home to him before assignment can be impeached for the cause mentioned.

Now, as to the special objections, they relate to the second and ninth instructions above set forth. These instructions

2. INSTRUC-TIONS: considered together.

refer to certain circumstances supposed to have transpired in making the assignment aforesaid, and the court said to the jury, that if they believed the same to be true they would be evidence of fraud, but at the same time he explained to them what he meant they should understand by their being evidence of fraud, namely, not that they were sufficient of themselves to make the assignment fraudulent, but that they were to be taken in connection with other circumstances, and properly considered in arriving at the question of fraud. The court made this qualification applicable to all of the foregoing instructions, and we cannot but think that it very fairly meets and answers the objections urged against them. Taken as a whole, the instructions are favorable to the plaintiff.

But it is claimed that this supplement of the court's charge does not obviate the objection made to the ninth instruction above set forth, for the reason that the court, in alluding to

certain facts stated in the instructions aforesaid, told the jury that they were not only evidence of fraud, but made the assignment void.

This, to be sure, was giving undue weight to the facts and stating the principle of evidence too strongly; but is it not competent for the court, as well as its duty, when it finds, upon reflection, that a principle of law or a rule of evidence has been put to the jury too strongly or in an objectionable form, to correct itself and to modify and define what is meant by a certain class of instructions? This is what the court did by a supplemental charge, in which it told the jury what was to be understood by the words "*evidence of fraud*," as applicable to the facts and circumstances set forth in the different instructions to which we have above referred.

It may be that the correction or explanation which the court gave was not sufficiently broad and explicit to cover the objection to the last clause of the ninth instruction, upon which we are now commenting, in all its fullness. Nevertheless, after two clear verdicts by the jury against the plaintiffs upon the simple question of fraud, in ten years of legal controversy, we do not feel like sticking in the bark upon a grammatical question of so much nicety, and must therefore accept the explanation as reasonably satisfactory.

Again, the plaintiff asked the following instruction, the refusal to give which is made the ground of objection:

"That the attaching creditors in this case, namely, Huntingdon, Wadsworth & Parks, and Cooley, Wadsworth & Co., mentioned in the schedule of creditors of the assignors, cannot complain or take advantage of the omission of the assignors to mention other creditors, so long as they are provided for according to the laws of the State."

3. ERROR WITHOUT PREJUDICE: instructions.

This instruction could well have been given, and whilst we fail to perceive the ground of objection to it, yet we cannot persuade ourselves that the party received any prejudice from the refusal, because the court in its own charge to the jury told them "that it was solely a question for the court to determine whether the assignment is for the benefit of all the creditors in proportion to the amount of their respective claims, to be determined by a construction of the instrument itself;" and the court instructed them that the assignment was for the benefit of all the creditors of the assignors in proportion to the amount of their respective claims. There being, therefore, no question for the jury to decide as to whether all the creditors were included or not, it follows that no prejudice could have resulted to the plaintiffs in withholding the instruction. This substantially covers all the objections possessing the semblance of error, and the case will stand

Affirmed.

DILLON, J., having been of counsel, took no part in this case.