| 40 | 119 |
|----|-----|
| 48 | 409 |

| 40 | 119 |
|----|-----|
| 51 | 58 |
| 51 | 61 |
| 51 | 329 |

| 40 | 119 |
|----|-----|
| 58 | 133 |

THE WICHITA WHOLESALE GROCERY COMPANY v. H. D. RECORDS, *as Assignee of D. F. Swank.*

1. ATTACHMENT, *Assignee May Move to Discharge.* Where property has been levied upon under an attachment, the assignee of the defendant who had possession of such property when the levy was made may move to discharge the attachment as to such property, although he is not a party to the original action.

2. ————— *Motion to Discharge; Burden of Proof.* A motion was made by the assignee of defendant to discharge an attachment, upon the ground that the plaintiff's affidavit therefor was untrue. The motion was supported by the affidavit of the assignee, sworn to upon information and belief. At the hearing of the motion an affidavit of the defendant, specifically denying the affidavit of plaintiff for attachment, was introduced in evidence. The court placed the burden of proof upon the plaintiff. *Held*, Not material error.

3. ASSIGNMENT, *When Void.* An assignment made for the benefit of creditors is void as to attaching creditors of the assignor, when the assignor fraudulently reserved a part of his assigned property not exempt by law for his own benefit.

*Error from Barber District Court.*

ON April 8, 1887, *H. D. Records*, as assignee for the benefit of the creditors of D. F. Swank, on the hearing of his motion before the Hon. C. W. Ellis, judge of the district court of Barber county, at chambers, in the city of Medicine Lodge, obtained an order for the dissolution of plaintiff's attachment theretofore issued out of the district court of said county, and levied upon certain goods, chattels and real estate of said D. F. Swank in an action then pending in said court in which the *Wichita Wholesale Grocery Company* was plaintiff and said D. F. Swank was defendant. This order the plaintiff *Company* brings here for review. The facts sufficiently appear in the opinion.

*Houston & Bentley,* and *A. L. Noble,* for plaintiff in error.
*Denton & Jones,* and *Ellis & Overstreet,* for defendants in error.

Opinion by HOLT, C.: The plaintiff in error commenced an action in the district court of Barber county against D. F. Swank, upon an account for goods sold and delivered, and on the same day filed an affidavit and bond for attachment. The grounds set forth in the affidavit for attachment were, that Swank had been guilty of fraudulent disposition and concealment of his property, etc. It appears in evidence that Swank had been doing business at Lake City and Deerhead, in Barber county; that on the 7th day of February, 1887, he exchanged his goods and store at Deerhead with W. L. Clinkscales for 480 acres of land in Barber county; and that the deed therefor, at the suggestion of the defendant, was made to Mary Swank, his wife. On the 11th day of February an assignment of all his goods and property was made to H. W. Bartells, and on the 14th this action, with others, was commenced, and the property attached. The court afterward appointed H. D. Records assignee instead of H. W. Bartells, and Records made a motion to dissolve the attach-

ment. The plaintiff says that the assignee had no right to make such a motion; that only the defendant could do so, and cites § 228 of the civil code; but § 532 provides: "A motion is an application for an order, . . . by any party to a suit or proceeding, or one interested therein or affected thereby." That is comprehensive enough to authorize an assignee to make the motion in order to discharge the property which has come into his hands by the assignment. We call attention to *Harrison v. Andrews*, 18 Kas. 535, and *Long Brothers v. Murphy*, 27 id. 375. At the hearing the judge placed the burden of proof upon the plaintiff. ( *McPike v. Atwell*, 34 Kas. 142.) Of this ruling the plaintiff also complains, stating as a reason, that the affidavit of the assignee was made upon information and belief. The motion was made upon the ground that the affidavit for attachment was untrue, and the motion was followed by the affidavit of Records, which was in these words:

"H. D. Records, being duly sworn upon his oath according to law, says: That he is the assignee of D. F. Swank, defendant in this case; that he has read the above and foregoing motion, and knows the contents thereof; that he is informed and believes, and therefore swears, that the facts stated and set forth in said motion are true."

The affidavit of defendant specifically denying each of the grounds for attachment in the affidavit of plaintiff was introduced in evidence; therefore the ruling could not have materially prejudiced the plaintiff.

Upon the hearing of this motion, nearly all of the evidence was embodied in affidavits; and therefore the case comes to us in about the same condition as it was heard before the district court. Concerning the conveyance of 480 acres in Barber county to Mary Swank, wife of the defendant, W. L. Clinkscales says in his affidavit, that the defendant told him at the time the deed was executed that he wished to have it made to his wife, giving as a reason, "that he wanted to prove up on a claim, and that he could not do so under the land laws if he had 320 acres of land in his own name." There is also the

evidence of A. L. Noble and C. I. Long, showing what the defendant told them about this same conveyance; yet at the trial he made no explanation or allusion whatever to these statements. The only evidence introduced on behalf of the assignee about this matter was an affidavit of defendant's wife, admitted without objection, in which she said her husband was indebted to her in the sum of $2,500, with interest from November 30, 1884. She said nothing about how such indebtedness arose. The deed was executed upon the 7th of February, and the assignment was made on the 11th — four days after. The surroundings of this transfer do not appear to be clean and honest, but are so questionable and suspicious that they create the belief that it was not made in good faith.

The wife is not a party to this action, and of course cannot be bound by any judgment herein. If there should be any question in the future about the ownership of the land, she can have her day in court, and an opportunity to be heard. The evidence of the transaction and admissions of defendant, at and after the deed was made, would seem to call for evidence in rebuttal, either contradicting them, or explaining why and under what circumstances they were made; and also showing with some degree of definiteness and fullness how he became indebted to his wife in the sum of $2,500; where she obtained that sum; and what he did with it. The paucity of evidence in this connection is noticeable.

It is in evidence what the defendant said about making the assignment after it was made. It is contended that such evidence is not competent. We think it is. Swank is still a party to this action, and though ordinarily the statements of a defendant, after an assignment is made, cannot be offered against the assignee, they certainly can be against the defendant himself. (*Kayser v. Heavenrich,* 5 Kas. 324; *Hairgrove v. Millington,* 8 id. 480; *Thompson v. McEwen,* 24 id. 757.) After the assignment, the defendant said that he was solvent, and was able to pay every dollar of his indebtedness, and then have several thousand dollars left; but by some questions asked him by Mr. Buck, the traveling salesman of Tootle,

Hanna & Co., he believed they would attach his stock, and he made the assignment to get ahead of them.

It is also in evidence, and undisputed, that about the time the assignment was made, Swank handed Bartells $400 or $500 in cash, and a check on the bank, and that Bartells kept $125 for expenses, and handed the balance back to the defendant. An assignment of property for the benefit of creditors, where a part of the property not exempt is retained by the defendant for himself, is not a *bona fide* assignment. (*Kayser v. Heavenrich*, supra; *Clark v. Robbins*, 8 Kas. 574.) There are many other incidents connected with the matter that do not appear to show good faith, but it would be profitless to discuss them. We recommend that the order dissolving the attachment be reversed.

By the Court: It is so ordered.

All the Justices concurring.