THE WICHITA WHOLESALE GROCERY COMPANY v. H. D. RECORDS, *as assignee of D. F. Swank.*

ATTACHMENT—*Declarations of Assignor, Not Competent Evidence Against Assignee, When.* Where the assignee of a defendant in a civil action files and presents a motion to discharge the property claimed by him, under an assignment from the defendant, and the defendant is not a party to the motion, the statements and declarations of the defendant subsequent to the assignment are not competent evidence against the assignee.

*Motion for Rehearing.*

THE defendant in error filed a motion for a rehearing, which the court allowed at its session in December, 1888, and then filed the opinion, *infra.* The facts are sufficiently stated in *Grocery Co. v. Records,* ante, pp. 119, *et seq.*

*Per Curiam:* It appears upon a reëxamination of this case that D. F. Swank was not a party to the motion to dissolve the attachment; that the motion was filed and presented by H. D. Records, as the assignee of D. F. Swank. Swank was a party to the action commenced by the Wichita Wholesale Grocery Company against him, but not to the motion referred to. We have already held that Records, as the assignee, had the right to make the motion, and as he was the only party to the motion, under the decision of *Hairgrove v. Millington,* 8 Kas. 480, the declarations of D. F. Swank were not competent as against Records, the assignee. It is said in *Hairgrove v. Millington,* supra:

"If Murphy had not been a party there could be no question but that the evidence objected to would have been com-

petent as against Hairgrove. While on the other hand, if Murphy alone had been the defendant, the evidence would not have been competent. It follows then that the evidence should have been admitted as against Hairgrove, but excluded as against Murphy; or rather, it should have been allowed to go to the jury, but the court should have instructed the jury to consider it only as against Hairgrove. It would also have been competent to prove Murphy's statements and declarations as against Murphy. But Murphy's statements and declarations would not have been competent evidence as against Hairgrove."

As the declarations made by Swank were incompetent against Records, and as the former opinion was largely based upon his declarations, the rehearing will be allowed. The order of the district court will be affirmed so far as discharging and releasing from the attachment all property, assets, credits, etc., claimed by Records as assignee. As Swank has made no motion to dissolve the attachment or discharge any property, the attachment will continue in full force against him, and also against all property attached to which Records, as assignee, makes no claim.

In cases 4568, 4569 and 4570, *ante*, p. 123, the same judgment will also be rendered, as those cases are similar to the foregoing.