E. S. WALTON, *as Assignee of the estate of E. N. Eby*, v. MARY E. EBY.—SAME v. EDWARD E. EBY.

ASSIGNMENT—*Fraudulent Conveyance by Assignor—Action by Assignee.*
A general assignment made for the benefit of creditors, which purports to convey all the property of the assignor, entitles the assignee to the possession and control of property fraudulently conveyed by the assignor about the same time for the purpose of defrauding creditors, and the assignee, as the representative of the creditors, may institute proceedings in their behalf to set aside such fraudulent conveyances, to the end that he may gain dominion over the property and make an equitable distribution of the same among all the creditors of the estate.

### Error from Marion District Court.

ACTIONS by *E. S. Walton*, as assignee of *E. N. Eby*, against *Mary E. Eby* and against *Edward E. Eby*, to set aside conveyances made by *E. N. Eby* as fraudulent.  From judgments sustaining demurrers to the petitions, plaintiff brings error.

*Keller & Dean*, for plaintiffs in error:

These cases were argued and decided before the opinion was rendered in *Chapin v. Jenkins*, 50 Kas. 385, or we think the decisions would have been different in the cases at bar. That case determines the position which the assignee occupies

to be that of a representative of the creditors. The opinion does not, in so many words, hold that the assignee may attack a fraudulent conveyance of the assignor. It was not necessary to a complete determination of the question in that case to so hold. But the reasons given by the court in support of its decision, if logically pursued, will lead inevitably to the conclusion that the assignee may not only defend against the enforcement of a fraudulent mortgage of the assigned property, but that he may go further, and attack that or any other instrument which fraudulently obstructs the equitable distribution of the assignor's estate among his creditors.

The leading case outside of our state in support of the doctrine that the assignee is the representative of the creditors, and may maintain actions to vacate conveyances of the property of the assignor made in fraud of his creditors, is *Pillsbury v. Kingon,* 33 N. J. Eq. 287.

See, also, *Garretson v. Brown,* 2 Dutch. 425; *Hallowell v. Bayliss,* 10 Ohio St. 537. In *Hanes v. Tiffany,* 25 Ohio St. 549, it is said: "The mode of providing for creditors by way of assignment in trust for their benefit is recognized and regulated by statute; and we see no good reason why their rights may not be as effectually asserted through the assignee as they could be by judgment and execution, in case there had been no assignment." 102 Mass. 475; 9 Atl. Rep. 201.

The case of *Seibert v. Milligan,* 10 N. E. Rep. (Ind.) 929, is a pretty full case on this question. It is there held that all the property of the debtor passes to the assignee by general descriptive terms, including that fraudulently conveyed by the assignor prior to the assignment; that the assignee represents creditors and may attack the fraudulent transfers of his assignor. 16 N. E. Rep. 140; 48 Miss. 101; 55 Me. 18; *Schaller v. Wright,* 28 N. W. Rep. (Iowa) 460.

*King & Kelley,* for defendants in error:

It does not suffice to say that the assignee in some sense represents the creditors, and plaintiffs in error cite the case

of *Chapin v. Jenkins,* 50 Kas. 385, as deciding that the assignee represents the creditors.    All that the case of *Chapin v. Jenkins* decides is, upon the especial facts of the case, that the assignee could defend his possession of certain assigned personal property against the claim of a fraudulent mortgagee; and this clearly brings the case of *Chapin v. Jenkins* within another well-settled principle of law, and makes said case clearly distinguishable from the case at bar.    For a clear and logical statement of this principle and distinction, we cite the case of *Sandwich Mfg. Co. v. Wright,* 22 Fed. Rep. 631.

The reasoning in this case is sound, and sustains the decision in the case of *Chapin v. Jenkins,* not simply upon the claim that the assignee is the representative of the creditors, but upon the pure and wholesome principle that courts will not assist a party to a fraudulent contract.

Our statute regulating voluntary assignments is more limited in the powers granted than are the statutes of most of the states upon this subject.    The way and the courts are open to the creditors to take the burden of attacking voluntary assignments, and the assignee should not and cannot make the attack unless he is given power by statute.    The following cases fully sustain this proposition: *Clapp v. Nordmeyer,* 25 Fed. Rep. 71; *Francisco v. Aguirre,* 29 Pac. Rep. 495, 94 Cal. 180; *Hahn v. Salmon,* 20 Fed. Rep. 801; *Housel v. Cremer,* 14 N. W. Rep. 399, 13 Neb. 298; *Hawks v. Pritzlaff,* 7 N. W. Rep. 303, 51 Wis. 160; *Wakeman v. Barrows,* 2 N. W. Rep. 50, 41 Mich. 363; *Roberts v. Corbin,* 26 Iowa, 315; *Trust Co. v. National Bank,* 18 S. W. Rep. 822; *Brownell v. Curtis,* 10 Paige, 210; *Van Heusen v. Radcliff,* 17 N. Y. 580; *Van Dyke v. Christ,* 7 Watts. & S. 374; *Estabrooke v. Messersmith,* 18 Wis. 545; *Flower v. Cornish,* 25 Minn. 473; *Heinrichs v. Woods,* 7 Mo. App. 236; *Bishop v. Halsey,* 3 Abb. Pr. 400; *Browning v. Hart,* 6 Barb. (S. C.) 91; *Leach v. Kelsey,* 7 id. 466.

We are certain that the authorities above cited fully sustain our claim, and we further think the authorities cited by plain-

tiff in error are not in point on the question at bar, as most of them are under statutes quite different from the Kansas statutes concerning voluntary assignments.

The opinion of the court was delivered by

JOHNSTON, J.: On December 19, 1889, E. N. Eby made a general assignment of all his property for the benefit of his creditors, and designated R. C. Coble as assignee. The deed of assignment was delivered to the assignee on the evening of the day it was executed, and was filed for record on the morning of the following day. On January 17, 1890, E. S. Walton was duly chosen as permanent assignee of the estate, and, after qualifying as the law requires, he brought two actions to vacate conveyances of the real property of the assignor alleged to have been made in fraud of his creditors. It was alleged that, at the time of making the deed of assignment, the assignor was the owner of certain real estate, and, being about to make an assignment, and knowing that he was insolvent, executed the conveyance of the same to his wife, for the purpose of defrauding his creditors, and reserving the real estate from the assignment and for his own use and benefit. A portion of the real estate owned by him was in like manner and for the same purpose conveyed to his son, E. N. Eby. It is further averred that the real estate so conveyed, together with that described in the deed of assignment, was all the property owned by the assignor not exempt by law at the time of making the assignment, and that the property other than that so fraudulently conveyed when sold at a fair and reasonable price will not pay more than one-fourth of the debts of the assignor. Demurrers were filed to the petitions, which were sustained by the court, and upon these the only question raised is whether the assignee is the representative of the creditors, and as such may maintain actions to set aside fraudulent conveyances made by the assignor.

This question has been practically decided in the affirmative in *Chapin v. Jenkins,* 50 Kas. 385. In that case, the difference between common-law and statutory assignments

was recognized.   Under the former, the relations of the parties were controlled by contract, and the assignee had no power except such as was conferred upon him by contract.   As he stood in the shoes of the assignor, he could assert no claim to property fraudulently conveyed which the assignor could not himself have asserted.   As has been decided in the cited case, our statute changes the effect of an assignment, and also the powers of the assignee, as well as his relations to the creditors.   While the assignment, in the first instance, is the act of the assignor, thereafter the control and disposition of the property, and also the powers and duties of the assignee, are regulated by statute, and no direction or limitation of the assignor is of any effect.   Under our statute, the assignee is made the representative of all the creditors, and it is his duty to protect the estate and defend the property assigned against adverse and unjust claims.   The deed of assignment made by Eby purports to convey to the assignee all the real estate owned by the assignor or in which he had an interest.   A conveyance of property in fraud of creditors is void, so far as the creditors are concerned, and being still the property of the assignor, it necessarily passed to the assignee by the assignment.   If the assignee is the representative of the creditors, he may, as their representative, invoke the aid of the court to protect the entire estate assigned, as well as to defend it against any adverse and unjust claims.

In *Chapin v. Jenkins,* supra, it was held that the assignee might defend any interest of the creditors against a mortgage made in fraud of the creditors, and upon the same principle it must be held that he may attack a fraudulent conveyance of the assignor in order to obtain dominion over the property assigned, with a view of making an equitable distribution of the same among the creditors of the assignor.   This can be effected to better advantage by the assignee acting as the representative of all the creditors than by the creditors themselves acting adversely to and independently of each other. It is within the spirit and purpose of our statute relating to assignments, and appears to be justified by the authorities.

In addition to the authorities cited in *Chapin v. Jenkins,*
supra, see *Seibert v. Milligan,* 10 N. E. Rep. 929; *Cooper v.
Perdue,* 16 id. 141; *Grant v. Crowell,* 9 Atl. Rep. 201.

The judgment in each of the cases sustaining the demurrer
to the petition will be overruled, and the causes remanded to
the district court for further proceedings.

All the Justices concurring.