J. A. SMITH, as *Sheriff of Greenwood County*, v. A. M. HUNTER, as *Assignee of Jewett & Lowen*.

No. 110.

1. GENERAL ASSIGNMENT—*Fraudulent Reservation.* An assignment made for the benefit of creditors is void as to attaching creditors of the assignor when the assignor fraudulently reserves a part of his assigned property, not exempt by law, for his own benefit.

2. ——— *Construction of Statutes.* The rule of law that a fraudulent intent on the part of the assignor will vitiate an assignment for the benefit of creditors is not changed by chapter 6, General Statutes of 1889, being "An act to regulate voluntary assignments for the benefit of creditors." That statute regulates the mode of executing such conveyances and the manner of executing the trusts created thereby, leaving the question of their validity to be determined by the existing rules of law, except as expressly provided by the statute itself.

3. ——— *Fraudulent Intent of Assignor.* An assignee is the agent of the assignor and the beneficiaries of the trust, and is not interested as a *bona fide* purchaser under an absolute conveyance, and if an assignment for the benefit of creditors is made with a fraudulent intent, such intent may vitiate an assignment, though the assignee was not a party to and had no knowledge of the fraud.

4. ——— *Attachment—Evidence of Fraudulent Intent.* Where a voluntary assignment is made for the benefit of creditors, and

Smith v. Hunter.

the goods so assigned are afterward levied upon by an attaching creditor, and an action is brought by the assignee against the sheriff who levied such attachment for the value of the goods taken thereunder, it is material error for the court to refuse to admit testimony of acts and statements of the assignor performed and made prior to the assignment, and tending to show that the assignment was made with a fraudulent intent and to hinder and delay creditors.

MEMORANDUM. — Error from Greenwood district court; C W. SHINN, judge. Action by A. M. Hunter, as assignee of Jewett & Lowen, against J. A. Smith, as sheriff of Greenwood county, to recover the value of goods sold under orders of attachment. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed July 15, 1896, states the material facts.

*T. L. Davis, P A. Rohrbaugh,* and *Madden & Buckman,* for plaintiff in error.

*J. B. Ziegler,* for defendant in error.

The opinion of the court was delivered by

COLE, J.: On August 14, 1893, Jewett & Lowen, of Fall River, made an assignment for the benefit of creditors, naming C. M. Jones as assignee. On the two days following certain creditors of Jewett & Lowen commenced actions against them, and caused attachments to be issued and levied upon the property in the possession of said assignee. The ground for the attachment was that said firm had disposed of their property for the purpose of hindering and delaying and defrauding its creditors. Afterward the property was sold by the sheriff, and the proceeds of the sale were applied upon the judgments rendered in favor of attaching creditors by order of the court. The assignee designated by Jewett & Lowen failed to comply

with the requirements of the statute, and the district
court appointed the defendant in error, A. M. Hunter,
as assignee, who brought this action against J. A.
Smith, as sheriff, for the value of the goods sold un-
der the orders of attachment. Upon the trial of the
cause a verdict and judgment were had and entered
for the assignee, and the sheriff brings the case here
for review.

Two errors are alleged by counsel for the plaintiff
in error, the first being the ruling of the court over-
ruling the demurrer of the defendant to the evidence
on the part of the plaintiff. From the record in the
case we can see no error in this ruling of the court,
and counsel does not call our attention to any reason
why the demurrer should have been sustained. The
second error complained of is the ruling of the court
in excluding certain testimony offered by the defendant
to show a fraudulent appropriation by the assignors
of a part of the property assigned, and to show a
fraudulent intent on the part of Jewett & Lowen in
making the assignment for the benefit of creditors.
The defendant had shown by a witness named Wash-
burn that he was in the employment of Jewett &
Lowen up to the time they assigned; that for some
time preceding the assignment he had been collecting
accounts due said firm, and the witness was then
asked to state what he did with the proceeds of the
collections. An objection was raised to the introduc-
tion of this evidence, upon the ground that this testi-
mony was incompetent, irrelevant, and immaterial;
that any, acts of Jewett & Lowen, or of their em-
ployees, were wholly incompetent as evidence for the
purpose of defeating or disputing the deed of assign-
ment in this case upon which the plaintiff's right of
action is based. And the counsel for the assignee
made the further objection

. " I say in that connection I will make this objection to cover all acts of these parties preceding the execuion of this deed of assignment, also the acts of their employees. I mean by that all acts and facts which might be offered in evidence for the purpose of showing any fraudulent disposition of the property, or fraudulent diversion or reservation of the property of these parties."

The objection made was sustained by the court, and afterward the plaintiff in error offered to prove by other witnesses further acts upon the part of the assignees tending to show a fraudulent diversion or reservation of the property assigned, as well as statements made by one of the assignors tending to show a fraudulent intent in the making of such assignment, all of which acts and statements were performed and made prior to the execution of the deed of assignment. A similar objection to that stated above was sustained to all of this evidence.

Several questions are presented by this record, all pertaining to a construction of the statutes of this state governing assignments for the benefit of creditors Upon the part of the defendant in error, it is contended that where a statutory assignment is made for the benefit of creditors, no act of the assignor prior to the making of the assignment, however fraudulent such act may be, will defeat the deed of assignment, but that the property passes to the assignee, to be distributed under the order of the court to all the creditors *pro rata*, and that no creditor has a right to attach any of the goods assigned in the hands of the assignee, on account of the fraudulent acts of the assignor. Counsel for defendant in error concedes that the earlier cases decided by our supreme court are opposed to this theory, but claims that the later decisions and the amendments to the act of 1868, as made by

the legislature of 1876, have changed the rights of parties in this state where a voluntary assignment has been made for the benefit of creditors. It must also be conceded that the general rule, outside of statutory provisions, is, that any fraudulent act upon the part of the assignor will defeat the deed of assignment. In the case of *Ruble v. McDonald,* 18 Iowa, 493, the supreme court says :

"In the first place it is contended that they [certain instructions asked] are all erroneous, in that they do not recognize a principle or rule which it is claimed pervades the law of assignments, namely, that in order to render void such instruments on the ground that they were made to defraud creditors the grantee or assignee must have knowledge of and participate in the fraud. The rule suggested and contended for, as applicable to grantees or purchasers under bills of sale or deeds of conveyance, is perhaps a sound one, for the very plain reason that an innocent purchaser who has paid his money in good faith ought not to suffer on account of the grantor's fraudulent purpose, of which he had no knowledge ; and it is to this class of cases that the authorities cited by appellant all refer. The principle has no application to assignments. The assignee is but the agent of the assignor and beneficiaries of the trust. He has no such personal or individual interest in the transaction as that a guilty knowledge of the fraud must be brought home to him before assignment can be impeached for the cause mentioned."

In the case of *Lampson v. Arnold,* 19 Iowa, 479, the same court affirmed the rule laid down in *Ruble v. McDonald,* supra, and cites the sections of their statutes governing assignments for the benefit of creditors, which appear to be similar to the statutes of our own state.

In the case of *Lesher v. Getman,* 28 Minn. 93 ( 9 N.

W. Rep. 585), the supreme court of Minnesota lays down the following rule:

"It has long been well settled, both in this state and elsewhere, that the intent of the assignor in making such an assignment is the material consideration in determining its validity, and that a fraudulent intent on the part of the assignor will vitiate an assignment, whether such intent appear from the face of the instrument or from extrinsic evidence. It has also been decided in this court, in accordance with the great weight of authority elsewhere, that the assignee under such an assignment does not stand in the position of an innocent purchaser for a valuable consideration; and therefore the fact that he had no knowledge of the fraudulent intent of his assignor will not cure the fraud."

So far as our statute is concerned with regard to assignments, it may be said that it in no way forms the basis of the making of a voluntary assignment for the benefit of creditors. Such a right existed independent of the statute, and the statutory provisions are for the purpose of regulating the mode of executing them and to define the duties of assignees, thereby giving creditors more effectual control over the acts and proceedings of both assignor and assignee, but the question of the validity of the assignment (aside from its following the statutory form) is left to be determined by the existing rules of law.

In the case of *Kayser v. Heavenrich*, 5 Kan. 324, our supreme court says:

"Again, it is contended that the fraud, to affect the assignment, must have been known to and participated in by the assignee or creditors. Such a doctrine would, in most cases, entirely preclude the creditors from setting up fraud in an assignment. The conveyance is usually made without consultation with the creditors, and the assignee would hardly be

consulted about or advised of any illegal or fraudulent practices on the part of the failing debtor. Neither the assignee nor the creditors are purchasers for a valuable consideration, and it is not necessary that notice of the fraud should be brought home to them to render the conveyance void. (12 Mich. 61 ; Burrill, Assignm. 438,439.) The property had been converted into money ; it was in the hands of the plaintiff in error ; the conveyance by which he held it was fraudulent and void ; so that the funds were in his possession, and subject to the proceedings instituted by the defendants in error to make them available for the payment of their claims.''

And the doctrine therein announced is also laid down in *Grocery Co. v. Records*, 40 Kan. 119. It is contended by counsel for the defendant in error that the doctrine as announced in *Kayser v. Heavenrich,* supra, does not control under our present statutes, and that upon a rehearing of the case of *Grocery Co. v. Records*, supra, the court seems to repudiate that portion of the syllabus which we here refer to. We have carefully examined our statutes as amended, and also the opinion of the court in *Grocery Co. v. Records* upon the rehearing (40 Kan. 215), and can find no good reason for believing either that the rule has been changed or that the supreme court has set aside the doctrine announced in that case.

The question which now arises is, Can the fraudulent intent and acts of the assignor be shown in an action of this character? The assignee brings this action claiming to be the owner of the property in question under the deed of assignment, and it is clear that he must show a good title in order to recover. In the case of *Harris v. Capell*, 28 Kan. 117, VALEN-TINE, J., in delivering the opinion of the court, uses the following language :

"It must be remembered that the material question

in this case is simply whether the attachment is valid, and that all questions with reference to the assignment arise only incidentally. This case is wholly unlike a case where an execution, with regard to the regularity and validity of which there is no question, or a case where an order of attachment, with regard to the regularity and validity of which there is no question, is levied upon property which is claimed by some person other than the defendant in the execution or the attachment proceedings, and claimed by him by virtue of an assignment made to him by such defendant of the property in question, in trust for the benefit of creditors. In such a case the validity of the assignment arises fairly and squarely.''

In the later case of *McPike v. Atwell*, 34 Kan. 142, JOHNSTON, J., quotes at length from the opinion in *Harris v. Capell*, supra, affirming the doctrine therein announced, and also using the following language :

''It should be remembered, however, that the validity of the assignment was not the question before the court, but it was rather whether such assignment was executed in bad faith. To sustain the charge made and uphold the attachment there must have been an actual personal intent to defraud, hinder or delay the creditors of the assignor. The assignment may be informal, and may contain provisions which are not in compliance with the statute, and which would render it invalid, but if it was made in good faith, and without any actual intent to defraud, hinder or delay creditors, it is not alone sufficient to sustain the attachment.''

In this case the sheriff stands in the place of the attaching creditors, and can made any defense which they could make, and unless the later decisions of our supreme court have given a different construction to the statute governing assignments, and have abrogated the rule laid down in the cases above cited, it would follow that a fraudulent disposition of the property

on the part of the assignor might be shown to defeat the assignment, and might be shown in an action of this character. The first case relied upon by counsel which it is claimed adopts a different rule in this state is *Cooper v. Clark*, 44 Kan. 358. In that case the court holds that a deed of assignment so defectively executed as to render it void, but executed in good faith and without any wrongful intent, will not justify an attachment against property of the assignor. This, in our opinion, tends to fortify rather than to detract from the rule laid down in former cases, for a plain distinction is drawn between a deed of assignment void because of defective execution and one where a wrongful intent entered into the deed. The next case relied upon is *Brigham v. Jones*, 48 Kan. 162. This case holds that an instrument in the general form and nature of a deed of assignment should be so regarded, and a provision therein directing the trustees to distribute the property in a manner inconsistent with the statute relating to general assignment should be treated as a nullity, will not avoid the conveyance, and the estate should be distributed by the assignee as the statute prescribes. The next case relied upon is *Chapin v. Jenkins*, 50 Kan. 385, which holds that the assignee is a representative of all the creditors, and may for their benefit contest the validity of a mortgage given by the assignor. The last case relied upon is *Walton v. Eby*, 53 Kan. 257, which holds that the assignee may institute proceedings in behalf of the creditors to set aside fraudulent conveyances made by the assignor, to the end that he may gain dominion over the property and make an equitable distribution of the same to all the creditors of the estate.

We fail to perceive how any of these cases eith

change or abrogate the rule laid down in the earlier cases. They simply declare that the provisions of the statute as amended, governing assignments, give enlarged powers to the assignee. We take it that the evidence sought to be introduced in this case was such as ought to have been permitted under all the decisions of the supreme court of this state. It is true that the evidence tended to prove a fraudulent disposition of property upon the part of the assignor just prior to the execution of the deed of assignment, and it is also true that under the cases last cited the assignee would have had the power to pursue the property so fraudulently reserved for the benefit of all the creditors, but that does not change the rule upon a question of this kind. The evidence sought to be introduced was also offered for the purpose of showing a fraudulent intent upon the part of the assignors which inhered in the deed of assignment itself, and if the evidence had been permitted it might have shown that the whole proceeding was simply for the purpose of hindering and delaying the creditors of the assignor. This, in our opinion, plaintiff in error had the right to show. (*Reese v. Platt* [not yet reported], 44 Pac. Rep. 31.)

Defendant in error contends that the record is not preserved in such condition as properly to submit the points raised. But we cannot agree with counsel in this proposition.

The judgment of the district court is reversed, and the cause remanded for a new trial.

All the Judges concurring.